**CENVEO CORPORATION, Appellant**

**v.**

**DALLAS CENTRAL APPRAISAL DISTRICT and Appraisal Review Board of Dallas County, Appellees.**

No. 05-07-01010-CV.

Court of Appeals of Texas, Dallas.

Aug. 15, 2008.

G. Walter McCool, McCool Law Firm, P.C., Dallas, TX, for Appellant.

Donald W. Hicks, Evelyn Conner Hicks, Law Offices of Donald W. Hicks, Sr., P.C., Dallas, TX, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG–MIERS.

**OPINION**

Opinion by Justice FITZGERALD.

This is an appeal from a take-nothing judgment against Cenveo Corporation in an ad valorem tax valuation case. In administrative proceedings before the Appraisal Review Board of Dallas County (the "ARB"), Cenveo unsuccessfully protested the appraisal of certain business personal property by the Dallas Central Appraisal District ("DCAD"). Cenveo appealed the ARB orders in the district court proceeding below; the trial court rendered judgment for the ARB and DCAD. In a

single issue, Cenveo again challenges DCAD's appraisal of "omitted property." We affirm the trial court's judgment.

The parties submitted this case to the trial court on certain stipulated facts, the Affidavit of David C. Pennington (for DCAD), the Affidavit of Sherry Dobis (for Cenveo), and the parties' briefing. The parties' stipulations established the background facts. Cenveo (formerly known as Mail Well Envelope Company) owns an envelope manufacturing facility located on Inwood Road in Farmer's Branch, Texas. Its business personal property at that location is identified by DCAD's account number 999952150000049050 (the "Cenveo account"). Cenveo did not initially file a rendition statement for tax year 2003 for its business personal property. DCAD determined the appraised value of Cenveo's business personal property at the Inwood location—and identified by the Cenveo account—was $5,013,000. DCAD prepared its 2003 appraisal records, including the Cenveo account, and submitted the appraisal records to the ARB. The ARB certified DCAD's 2003 appraisal rolls, including the Cenveo account, to DCAD's constituent taxing units. Meanwhile, the legislature adopted amendments to the rendition provisions of the Texas Tax Code in 2003.[1] Cenveo filed a 2003 rendition statement listing its business personal property at the Inwood location before December 1, 2003. On the basis of Cenveo's rendition, DCAD created a new account for tax year 2003, number 992000408300361150 (the "second account"), for property described by DCAD as "Mail Well Envelope Co. omitted property." DCAD's appraised value for the second account was $2,824,820. The parties specifically agreed in their stipulations that:

> The issues to be decided by the Court are [1] whether DCAD was authorized to establish the second account, and [2] whether any personal property owned by Cenveo and located at its 14001 Inwood Road location was "omitted" from DCAD's appraisal roll for tax year 2003.

The court rendered judgment for the ARB and DCAD and ordered that Cenveo take nothing.

Cenveo requested and the trial court issued findings of fact and conclusions of law. The parties do not disagree on the basic legal principle implicated by Cenveo's challenge and included in the trial court's conclusions of law: if the DCAD discovers that personal property was omitted from an appraisal roll in one of the two preceding years, it shall appraise the property as of January 1 of each year that was omitted and enter the property and its appraised value in the appraisal records. *See* Tex. Prop. Tax.Code Ann. § 25.21(a) (Vernon 2008). The trial court's findings include a number of undisputed facts and the following:

> 6. [Cenveo] claimed that the second account was not authorized and that no personal property of [Cenveo] was omitted from the appraisal roll for the 2003 tax year.

> 7. [Cenveo] failed to meet its burden to show that the second account created to value omitted property was not authorized.

> 8. Competing evidence was admitted regarding the "omitted property" and the Court finds that [Cenveo] failed to meet its burden.

---

1. The amendments allowed taxpayers to file a late rendition for tax year 2003 and avoid having omitted property added to the 2001 and 2002 appraisal rolls. *See* Tex. Prop. Tax. Code § 22.23(c) (expired January 1, 2005 by own terms).

We review the trial court's findings of fact under the same standards applied in reviewing the evidence supporting a jury's answers. *Sears Roebuck and Co. v. Dallas Cent. Appraisal Dist.*, 53 S.W.3d 382, 386 (Tex.App.-Dallas 2000, no pet.). When a party attacks the legal sufficiency of an adverse finding on an issue on which it has the burden of proof, it must show the evidence establishes, as a matter of law, all vital facts in support of its desired finding. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). In a legal sufficiency review, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support that finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). The ultimate question is whether the evidence, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not, would permit reasonable and fair-minded people to reach the finding under review. *Id.* at 827. When the party also complains about the factual sufficiency of the evidence, it must show the adverse finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242.

Cenveo submitted the Affidavit of Sherry Dobis, Cenveo's Controller, in support of its contention that the second account was merely a revaluation of its personal property and not an appraisal of property omitted from the original DCAD appraisal. Dobis testified that Cenveo contracted for property tax services with Mr. J.D. Mauney. She further testified that Mauney told her he had appraised the 2003 market value of Cenveo's business personal property at the Inwood Road location at "not more than $4,500,000." Although the original DCAD appraisal of $5,013,600 was more than the Mauney appraisal, Dobis explained she elected not to protest the 2003 personal property appraised value. According to Dobis, "the 2003 appraised value of [the Cenveo account] more than accounted for all of the personal property that Cenveo owned as of January 1, 2003 that was located at 14001 Inwood Road." She stated that before February 1, 2004, Cenveo paid all of its assessed 2003 property taxes, totaling $132,392.12. Although the affidavit states Robis had reviewed Cenveo's business records regarding property taxes and that she was relying on those records, no records are attached to the affidavit.

DCAD submitted the Affidavit of David C. Pennington and the attached business records of DCAD. Pennington testified the original appraisal of Cenveo's business personal property was based on a physical inspection and the best available information existing at the time. However, "DCAD did not have access to company records, which would have disclosed unseen assets at the time of the physical inspection . . . DCAD had no audit power." According to Pennington, DCAD determined Cenveo's rendition included omitted assets with an appraisal value of $2,824,820. These assets were included in the second account, and notice of the omitted-property appraisal was sent to Cenveo. Among the documents attached to Pennington's affidavit are the original DCAD 2003 appraisal and Cenveo's 2003 rendition. Neither document includes an asset-by-asset list of the business personal property owned by Cenveo. Instead, the property is valued by category. Both forms include the categories Inventory, Supplies, Furniture & Fixtures, Machinery & Equipment, and Computers & Related Equipment. The rendition form also includes categories of property not included on DCAD's appraisal summary, including Vehicles, Office & Telephone Equipment, and Signs & Other. The rendition form

requires the property owner to break down by year the total cost of the property it acquired in each category. The rendition form also requires identification of leased property and of vehicles owned by the taxpayer. DCAD computed the total cost of the property rendered by Cenveo at $12,602,821.

We conclude there is ample evidence to support the trial court's findings in this case. Cenveo identified property in each of the categories of property that were not included on DCAD's appraisal summary (Vehicles, Office & Telephone Equipment, and Signs & Other), and those items were not addressed in any manner on DCAD's appraisal.[2] Moreover, the yearly-itemized purchases in categories that *were* included in the DCAD appraisal could have shown appraisers that more property existed than they what they observed and initially appraised. The record contains evidence consistent with omitted property. Although Cenveo offered the assertion of Dobis that the original appraised value of the Cenveo account more than accounted

for all the company's personal property, that bare assertion does not negate the evidence offered by the DCAD. Competing evidence was submitted and, in the face of that competing evidence, a reasonable and fair-minded factfinder could certainly have found that Cenveo did not carry its burden to show the second account, created to value omitted property, was not authorized. *See City of Keller,* 168 S.W.3d at 827. Likewise, considering all the evidence, we conclude the trial court's finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chem. Co.,* 46 S.W.3d at 242.

We resolve Cenveo's single issue against it. We affirm the judgment of the trial court.

---

**2.** DCAD's appraisal form contains a Miscellaneous category, which was valued at "0." We presume that items identified in the rendition

and not specifically listed on the appraisal form would be valued under this Miscellaneous heading.