The DOW CHEMICAL COMPANY and
Joseph Hegyesi, Petitioners,

v.

Renee K. FRANCIS, Respondent.

No. 00–0299.

Supreme Court of Texas.

April 26, 2001.

Kevin Wayne Cole, Wickliff & Hall, Austin, Barbara L. Johnson, Anthony J. Sadberry, Wickliff & Hall, Houston, Ruben D. Campos, Wickliff & Hall, San Antonio, Bob E. Shannon, Joseph R. Knight, Baker & Botts, Austin, for Petitioners.

Barbara J. Gardner, Barbara Gardner & Associates, Eliot P. Tucker, Mandel & Wright, David W. Holman, The Holman Law Firm, Houston, for Respondent.

PER CURIAM.

Renee Francis, a former employee of The Dow Chemical Company, sued Dow and its employee, Joseph Hegyesi, alleging discrimination, fraud, constructive discharge, and retaliation. The trial court granted summary judgment for Dow and Hegyesi on Francis' fraud claims and dismissed Hegyesi from the case. The remaining claims against Dow were tried to a jury. After a two-week trial, the jury rejected Francis' discrimination and constructive-discharge claims. The jury found for Francis on her retaliation claim

but awarded zero damages. Based on these findings, the trial court rendered a take-nothing judgment against Francis. Francis appealed. The court of appeals reversed both the take-nothing judgment for Dow and the summary judgment for Dow and Hegyesi. 46 S.W.3d 264. In doing so, the court of appeals concluded, among other things, that the cumulative effect of the trial court's abuse of discretion with regard to its evidentiary rulings and its bias against Francis resulted in the rendition of an improper judgment. 46 S.W.3d at 281. We conclude that the court of appeals erred, reverse its judgment, and remand this cause to that court for further proceedings consistent with this opinion.

In their petition for review, Dow and Hegyesi argue that the court of appeals erred in: (1) holding that the trial judge's bias resulted in an improper judgment; (2) sustaining Francis' evidentiary complaints; (3) applying incorrect legal and factual-sufficiency standards in reviewing the jury's zero damages verdict on Francis' retaliation claim; and (4) reversing the summary judgment on Francis' fraud claim. We begin with the court of appeals' bias holding.

Without citing any particular examples, the court of appeals concluded that:

> Here, the record reveals that some of the trial court's comments were not so much directed toward Francis, her attorney, or the merits of her case, as they were to the trial court's desire to expedite the proceedings. However, there are many instances of conduct by the trial court that we do not condone and which cause us concern over whether there was prejudice towards Francis.

> The cumulative effect of the trial court's abuse of its discretion with regard to its evidentiary rulings and its bias against the appellant resulted in the rendition of an improper judgment and constitutes reversible error.

46 S.W.3d at 280. Dow first complains that as a matter of law, the trial judge's comments were insufficient to support a finding of judicial bias or misconduct, and that the court of appeals erred in not describing the conduct it determined to be improper. Second, Dow maintains that the trial court's objectionable conduct was presumptively curable by instruction, and therefore, Francis failed to preserve her bias complaint by not objecting or requesting a jury instruction at trial. Third, Dow argues that the court of appeals failed to analyze how the alleged judicial misconduct probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1.

Francis responds with seven examples of alleged judicial bias. First, Francis claims that the trial judge assisted Dow's counsel during voir dire by commenting, "Ms. Johnson [Dow's counsel], there were a couple of other hands on your question about labor union [sic]." Second, Francis cites the following exchange as an example of the judge encouraging Dow's counsel to object:

> Counsel: "Objection, Your Honor. Remote as to time. Vague."
>
> Judge: "Go ahead."
>
> Counsel: "Not relevant."
>
> Judge: "Sustained."

Third, Francis contends that the judge frequently added additional bases to Dow's objections. Fourth, Francis asserts that the judge twice instructed Francis' counsel to "move on" "so that we can get this case to the jury." Fifth, Francis claims that the judge frequently reprimanded Francis' counsel in a condescending manner; as an example, Francis cites this response by the judge to an objection: "You can just say compound, and I can listen to the ques-

tion." Sixth, Francis complains that the judge did not allow Francis' counsel to read from documents already admitted into evidence. For example, at one point, the judge said, "I instructed you not to read from the document. Would you please just direct questions to the witness? As I said, the document is in evidence and can be reviewed by the jury; and continuing to read the document at this late hour only prolongs the time we are here." And at another point in the trial, the judge again reminded Francis' counsel: "But I once again caution you that these documents are in evidence. So, rather than reviewing the documents with the jury, ask the question of the witness; and let's focus specifically on information you need to get from this witness and not information from the document that the jury has seen several times already." Francis argues that these comments were intended to prevent the impeachment of defense witnesses.

As a seventh example of alleged judicial bias, Francis describes an exchange that took place near the end of the trial, out of the jury's presence. The judge criticized Francis' counsel for calling a Dow executive to testify when counsel had not indicated his intention to do so the day before. Francis' attorney explained that he had developed his strategy just the evening before and had not made any misrepresentations to the court. The judge then apologized for her comment: "Okay. Well, I apologize. That was out of line. I shouldn't have said that. But honestly, I'm about to my limit with the conduct of how this trial has proceeded and—you know, I'm a patient person. That was out of line, and I do apologize." Francis argues the judge's improper comments spanned the two-week trial, grew increasingly caustic in nature, and were incurable by instruction. We disagree with Francis.

First, we consider whether the trial judge's comments constituted bias as a matter of law. The United States Supreme Court, when presented with similar allegations of judicial bias, has determined that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions the judge forms during a trial do not necessitate recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also, e.g., Matassarin v. Lynch,* 174 F.3d 549, 571 (5th Cir.1999); *Hollywood Fantasy Corp. v. Gabor,* 151 F.3d 203, 216 n. 6 (5th Cir. 1998); *United States v. Landerman,* 109 F.3d 1053, 1066 (5th Cir.1997). Further, "[n]ot establishing bias or partiality ... are expressions of impatience, dissatisfaction, annoyance, and even anger.... A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky,* 510 U.S. at 555–56, 114 S.Ct. 1147. In short, a trial court has the inherent power to control the disposition of cases "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Similarly, Texas courts have held that "the discretion vested in the trial court over the conduct of a trial is great." *Schroeder v. Brandon,* 141 Tex. 319, 172 S.W.2d 488, 491 (1943); *see Metzger v. Sebek,* 892 S.W.2d 20, 38 (Tex.App.—Houston [1st Dist.] 1994, writ denied). A trial court has the authority to express itself in

exercising this broad discretion. *Bott v. Bott*, 962 S.W.2d 626, 631 (Tex.App.—Houston [14th Dist.] 1997, no writ). Further, a trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time. *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Great Global Assurance Co. v. Keltex Props., Inc.*, 904 S.W.2d 771, 777 (Tex.App.—Corpus Christi 1995, no writ).

■ We apply these principles to this case, and after carefully examining the judge's allegedly improper comments in the context of the entire record, we conclude there is no evidence of judicial bias. The record indicates that the judge exercised her broad discretion to "maintain control and promote expedition." *Hoggett*, 971 S.W.2d at 495. Thus, the court of appeals erred in concluding that the trial judge's conduct exhibited bias.

■ The court of appeals also erred in excusing Francis' failure to preserve her complaint. In *State v. Wilemon*, 393 S.W.2d 816 (Tex.1965), this Court held that objection to a trial court's alleged improper conduct or comment must be made when it occurs if a party is to preserve error for appellate review, unless the conduct or comment cannot be rendered harmless by proper instruction. *Id.* at 818. Neither Francis nor the court of appeals explain how any comments made by the trial judge were incurable or would excuse Francis' failure to preserve error. For this additional reason, the court of appeals erred in sustaining Francis' allegations of judicial bias.

The second issue is whether the court of appeals erred in sustaining five of Francis' evidentiary complaints. Dow argues that the court of appeals did not analyze how the alleged evidentiary errors caused the trial court to render an im-proper judgment. *See* TEX.R.APP. P. 44.1(a)(1). Francis responds that the court of appeals correctly determined that the evidentiary errors were harmful. We agree with Dow. Without deciding whether the court of appeals erred in its substantive analysis of the evidentiary rulings, we conclude that the court of appeals erred in not conducting a harm analysis for the evidentiary rulings it reversed. *See* TEX.R. EVID. 103(a).

In its third issue, Dow contends that the court of appeals erred by applying incorrect legal and factual-sufficiency standards in reviewing the jury's zero-damages verdict on Francis' retaliation claim. Francis responds that the evidence was legally and factually insufficient to support the jury verdict. Again, we agree with Dow and review the legal and factual-sufficiency standards in turn.

■ When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); Hall, *Standards of Review in Texas*, 29 ST. MARY'S L.J. 351, 481–82 (1998). In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; Hall, *supra*, at 482. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690; Hall, *supra*, at 482. The point of error should be sustained only if the contrary proposition is conclusively established. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983);

242

Hall, *supra,* at 482. Here, Francis had the burden of proof on her retaliation claim. *See* Tex. Lab.Code § 451.002(c). Thus, in considering only the evidence favorable to Francis, the court of appeals did not conduct a proper "matter of law" review.

When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Croucher,* 660 S.W.2d at 58; Hall, *supra,* at 485. The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); Hall, *supra,* at 484. In doing so, the court of appeals must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Pool,* 715 S.W.2d at 635. Here, the court of appeals improperly considered only the evidence favorable to Francis' retaliation claim and did not review the evidence supporting the jury verdict. Thus, we conclude that the court of appeals did not conduct a proper factual-sufficiency review.

Finally, Dow and Hegyesi argue that the court of appeals erred in reversing and remanding the summary judgment on Francis' fraudulent-inducement claim. Although Dow and Hegyesi do not challenge the court of appeals' determination that Francis raised a fact issue about misrepresentation, they do argue that they were entitled to summary judgment as a matter of law based on Francis' failure to produce evidence of damages. Thus, Dow and Hegyesi contend, the court of appeals should have considered the damages issue as an alternative ground for summary judgment. Francis responds that the court of appeals correctly determined that fact issues precluded summary judgment for Dow and Hegyesi. We agree with Dow and Hegyesi.

A fraud cause of action requires: (1) a material misrepresentation, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury. *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998). The trial court rendered summary judgment on the fraud claim without specifying the grounds. Because Dow and Hegyesi filed a no-evidence summary-judgment motion challenging each of these elements, if Francis failed to raise a "genuine issue of material fact" about any of these elements, the summary judgment for Dow and Hegyesi should stand. Tex.R. Civ. P. 166a(i). Here, the court of appeals reversed the summary judgment after determining that Francis raised a fact issue concerning a material misrepresentation, but failed to consider Dow and Hegyesi's alternative ground for summary judgment—that Francis presented no evidence of damages. "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We therefore conclude that the court of appeals erred in not considering this alternative ground.

Accordingly, without hearing oral argument, we grant Dow and Hegyesi's petition for review, reverse the court of appeals' judgment, and remand the case to the court of appeals for further proceed-

ings consistent with this opinion. *See* Tex. R.App. P. 59.1.