**In the Matter of the MARRIAGE OF Deborah POWELL and Michael Powell.**

No. 11–04–00142–CV.

Court of Appeals of Texas, Eastland.

June 23, 2005.

---

Gary D. Peak, Eastland, for Appellant.

Kenneth N. Tarlton, Mineral Wells, for Appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

This is an appeal from an order on a motion to enforce. We affirm the order of the trial court.

Michael Powell and Deborah Powell were divorced in 2001. After a hearing on a prior motion to enforce, the trial court ordered Michael Powell to pay attorney's fees in the amount of $1,000 to Kenneth N. Tarlton. Payment was due to be made on or before November 1, 2003.

On October 30, 2003, Michael Powell paid several agents to deliver 20 bank bags of unrolled pennies to Tarlton's office. After contacting several banks, Tarlton located a bank who would redeem the 100,000 pennies. The bank charged Tarlton a $100 redemption fee, and Tarlton received a cashier's check from the bank for a total of $900.

On November 4, 2003, Tarlton filed the present motion to enforce. At the hearing, Michael Powell informed the trial court that he was ordered to pay Tarlton $1,000 and that that is what he did. Michael Powell further stated:

But as far as Mr. Tarlton, which I do not respect in any shape, form, or fashion, I wanted to make a hardship upon him. He was delivered legal tender currency of $1,000. It would be several people that would love to have $1,000.

The record reflects that Michael Powell had instructed his agents to leave only the pennies at Tarlton's office and to return the bank bags to the bank. However, Michael Powell's agents were prevented from taking the bank bags from Tarlton's office. The record further reflects that each bank bag weighed between 15 and 20 pounds and that it took Tarlton 2.7496 hours to collect and redeem the pennies. Tarlton stated that his hourly rate for non-court time was $150. The record also reflects that pennies had originally been collected as a fundraiser for Graford High School and had not been rolled.

The trial court declined to hold Michael Powell in contempt and found his "choice of conduct to be frivolous and ridiculous." The trial court then ordered Michael Powell to pay the $100 bank redemption fee, an additional $350 in attorney's fees, and court costs totaling $83. The trial court further ordered that all sums be paid by Michael Powell to Tarlton by cashier's check, by money order, or by cash in the following denominations of U.S. Reserve Notes: five $100 bills, one $20 bill, one $10 bill, and three $1 bills.

In his sole issue on appeal, Michael Powell contends that the trial court had no legal basis to order him to pay the $100 bank redemption fee, the $350 in additional attorney's fees, and the $83 in court costs. We disagree.

The trial court has inherent power which it may use to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). The trial court has vast discretion to maintain control of the proceedings before it, to expedite the proceedings, and to prevent what it considers to be the unnecessary use of its time or resources. *See Dow Chemical Company v. Francis*, 46 S.W.3d 237, 240–41 (Tex.2001).

The record before this court reflects that the trial court acted within its discretion. The issue is overruled.

The order of the trial court is affirmed.