11th Court of Appeals
Eastland, Texas
Opinion
 
In the Matter of the Marriage of Deborah Powell
and Michael Powell
 
No. 11-04-00142-CV -- Appeal from Palo Pinto County
 
            This is an appeal from an order on a motion to enforce. We affirm the order of the trial court.
            Michael Powell and Deborah Powell were divorced in 2001. After a hearing on a prior
motion to enforce, the trial court ordered Michael Powell to pay attorney’s fees in the amount of
$1,000 to Kenneth N. Tarlton. Payment was due to be made on or before November 1, 2003.
            On October 30, 2003, Michael Powell paid several agents to deliver 20 bank bags of unrolled
pennies to Tarlton’s office. After contacting several banks, Tarlton located a bank who would
redeem the 100,000 pennies. The bank charged Tarlton a $100 redemption fee, and Tarlton received
a cashier’s check from the bank for a total of $900.
            On November 4, 2003, Tarlton filed the present motion to enforce. At the hearing, Michael
Powell informed the trial court that he was ordered to pay Tarlton $1,000 and that that is what he did. 
Michael Powell further stated:
But as far as Mr. Tarlton, which I do not respect in any shape, form, or fashion, I
wanted to make a hardship upon him. He was delivered legal tender currency of
$1,000. It would be several people that would love to have $1,000.
 
The record reflects that Michael Powell had instructed his agents to leave only the pennies at
Tarlton’s office and to return the bank bags to the bank. However, Michael Powell’s agents were
prevented from taking the bank bags from Tarlton’s office. The record further reflects that each bank
bag weighed between 15 and 20 pounds and that it took Tarlton 2.7496 hours to collect and redeem
the pennies. Tarlton stated that his hourly rate for non-court time was $150. The record also reflects
that pennies had originally been collected as a fundraiser for Graford High School and had not been 
rolled.
            The trial court declined to hold Michael Powell in contempt and found his “choice of conduct
to be frivolous and ridiculous.” The trial court then ordered Michael Powel to pay the $100 bank
redemption fee, an additional $350 in attorney’s fees, and court costs totaling $83. The trial court
further ordered that all sums be paid by Michael Powell to Tarlton by cashier’s check, by money
order, or by cash in the following denominations of U.S. Reserve Notes: five $100 bills, one $20
bill, one $10 bill, and three $1 bills.
            In his sole issue on appeal, Michael Powell contends that the trial court had no legal basis
to order him to pay the $100 bank redemption fee, the $350 in additional attorney’s fees, and the $83
in court costs. We disagree.
            The trial court has inherent power which it may use to aid in the exercise of its jurisdiction,
in the administration of justice, and in the preservation of its independence and integrity.
Eichelberger v. Eichelberger, 582 S.W.2d 395, 398 (Tex.1979). The trial court has vast discretion 
to maintain control of the proceedings before it, to expedite the proceedings, and to prevent what it
considers to be the unnecessary use of its time or resources. See Dow Chemical Company v. Francis,
46 S.W.3d 237, 240-41 (Tex.2001). 
            The record before this court reflects that the trial court acted within its discretion. The issue
is overruled.
            The order of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
June 23, 2005
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.