TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00506-CV






The State of Texas, et al., Appellants


v.


Essentially Yours Industries, Inc. a/k/a Essentially Yours Corp.

a/k/a Burrard Capital, Inc. a Foreign Corporation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GV-03-004180, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from a take-nothing judgment, following a bench trial, in a suit
by the State of Texas and approximately 170 other governmental entities to recover delinquent
state and local sales taxes allegedly owed by Essentially Yours Industries, Inc. (EYI, Inc.). 
The district court made findings of fact and conclusions of law to the effect that the taxes were not
owed by EYI, Inc., but instead should have been assessed against EYI, Inc.'s corporate parent,
Essentially Yours Industries, Corp. (EYI, Corp.). In a single issue, appellants contend that the
evidence was legally and factually insufficient to support the district court's findings that EYI, Inc.,
was not the correct taxpayer. Because we conclude that the evidence was sufficient to support the
finding, we affirm the district court's judgment.

 EYI, Inc., had been incorporated in Nevada on March 26, 1996, as a wholly owned
subsidiary of EYI, Corp. EYI, Corp., EYI Inc.'s parent company, had been formed in
British Columbia, Canada, on December 14, 1995. EYI, Corp., was a network marketing business,
similar in structure to Amway, that marketed health and wellness products through
independent distributors in Canada and the United States. (1) The district court heard evidence that
during the audit period at issue--July 1, 1998, through June 30, 2001--EYI, Corp., made sales to
Texas customers through distributors located in Texas (and was, therefore, responsible for collecting
and remitting sales tax) while EYI, Inc., was a shell corporation that had no sales activity in Texas.

 Karen Riggs conducted the audit for the comptroller between July 30, 2001, and
July 2, 2002. (2) When she began the audit, Riggs mailed an audit questionnaire addressed to EYI, Inc. 
At the time of trial, Donna Keay was an officer of EYI, Inc., who prepared the company's financial
statements and oversaw its accounting. During the audit period, however, Keay had been the
controller for EYI, Corp. Keays completed and returned the audit questionnaire that Riggs had
addressed to EYI, Inc., with information regarding EYI, Corp. The completed questionnaire listed
the taxpayer name and address as EYI, Corp., 201-8322 130th Street, Surrey BC V3W 8J9, and listed
the taxpayer identification number 1-860860700-0. Although Keay listed Nevada as the state of
incorporation, she testified at trial that this was a mistake and that the correct place of incorporation
for EYI, Corp., was British Columbia, Canada. The district court heard evidence that, as the audit
proceeded, Keay continued to provide information regarding EYI, Corp.

 On July 25, 2002, after Riggs had completed the audit, the comptroller issued a
Texas Notification of Audit Results to EYI, Inc., showing a total audit deficiency of $160,278.98. 
On October 9, 2003, appellants filed suit against EYI, Inc., to collect the audit deficiency. Following
a bench trial on June 11, 2007, the district court, as noted, entered a take-nothing judgment in
favor of EYI, Inc.

 In a single point of error, appellants argue that the evidence was legally and factually
insufficient to support the district court's finding that EYI, Inc., was not the same taxpayer who had
been audited. While conceding that it had the burden of proving that EYI, Inc., was the correct
taxpayer, appellants contend that the "overwhelming" evidence at trial showed that EYI, Inc., was
the taxpayer that had been audited and ultimately sued by appellants. (3)

 When a party challenges the legal sufficiency of the evidence supporting an adverse
finding on an issue on which it has the burden of proof, that party must demonstrate on appeal that 
the evidence conclusively established, as a matter of law, all vital facts in support of the issue. 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). In conducting a legal sufficiency
review of the evidence, a court must consider all of the evidence in the light most favorable to the
fact finding and indulge every reasonable inference that would support it. City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).

 When a party attacks the factual sufficiency of an adverse finding on an issue on
which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against
the great weight and preponderance of the evidence. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241
(Tex. 2001). The court of appeals must consider and weigh all of the evidence, and can set aside a
finding only if the evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Id.

 As they had the burden of proof at trial, appellants must show either that the evidence
conclusively establishes as a matter of law that EYI, Inc., was the correct taxpayer or that this finding
is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. 
See Dow Chem. Co., 46 S.W.3d at 241.

 The following evidence supports the district court's finding that EYI, Corp., not EYI,
Inc., was the taxpayer audited by Riggs for the July 1, 1998 through June 30, 2001 audit period:



 Keay completed and returned the audit questionnaire, referring to the
taxpayer as EYI, Corp., and listing EYI, Corp.'s taxpayer identification
number as 1-860860700-0.


 


 Franchise tax returns had been filed for tax years 2000 and 2001 in the name
of EYI, Corp., 201-8322 130th Street, Surrey BC V3W 8J9, taxpayer
identification number 1-860860700-0. No franchise tax returns had been
filed for EYI, Inc. Riggs, the State's witness, testified that if EYI, Inc., had
any sales activity during the audit period, it should have, likewise, been filing
franchise tax returns. There was no evidence that any franchise tax return
had ever been filed by EYI, Inc. In a letter dated January 26, 1999, the
comptroller informed Dennis Mee, CFO of EYI, Corp., that EYI, Inc., had
not filed franchise tax returns.

 In response to Riggs's request for information needed to complete the audit,
Keay sent a fax to Riggs on behalf of EYI, Corp., attaching EYI, Corp.'s
product list. There was no reference to EYI, Inc.


 


 A letter from Keay to Riggs on July 12, 2001, confirmed their meeting on
July 30 and 31 and referred to EYI, Corp., as the taxpayer.


 


 Riggs designated the taxpayer as EYI, Corp., in the audit plan she prepared.


 


 The electronic funds transfer form completed by EYI, Corp., allowing it to
transfer funds electronically to the comptroller, listed EYI, Corp., taxpayer
identification number 1-860860700-0, as the taxpayer.


 


 The employer identification number on EYI, Corp.'s federal income tax
returns for tax years 2000 through 2002 was 860860700. Riggs testified that
the permanent Texas taxpayer identification number is the federal income tax
number with the number one added to the front and a zero added to the end.


 

 Attempting to controvert this evidence, appellants refer us to monthly sales tax returns
reporting sales under the name of EYI, Inc. These forms were mailed to the taxpayer with the
name "EYI, Inc." preprinted on the forms by the comptroller. According to Keay, she simply
"didn't notice" that the name was incorrect when she completed and returned the forms. Further,
the forms actually entered into evidence as exhibits are not from the audit period. These forms
and the related testimony comprise the totality of appellants' evidence that could arguably
support their position.

 There was evidence of confusion on both sides as to which entity--EYI, Inc., or EYI,
Corp.--was being audited. At the heart of the matter is which entity was assigned taxpayer
identification number 1-860860700-0, which was the number designated on all forms and
correspondence. The parties agree that this was the identification number of the taxpayer who was
audited but disagree as to whether this number belonged to EYI, Inc., or to EYI, Corp. The
confusion arose due to a name discrepancy which, according to the testimony, neither party noticed. 
When Riggs was questioned about the comptroller's procedures for addressing such name
discrepancies, she testified that if an auditor notices an inconsistency, he simply changes or corrects 
the name in the system. Here, despite the inconsistencies, neither party noticed the problem, and the
problem was never corrected. Although Riggs agreed that "it [is] important to the Comptroller to
have a consistent name so that they know who they're dealing with" and concedes that there were
documents referring to both EYI, Inc., and to EYI, Corp., and that "it would be the responsibility
of the Comptroller's office, as the State agency that administers the sales tax, to get at the
correct taxpayer name with the taxpayer number," the comptroller's office neither noticed nor
corrected the problem. (4)

 There was legally and factually sufficient evidence that EYI, Corp., was the entity
with sales activity in Texas, the entity with taxpayer identification number 1-860860700-0, and the
proper taxpayer. In fact, Riggs agreed that "if Ms. Keay testifies that Corp., was the entity that was
making the sales in Texas and was the entity that should be associated with Taxpayer No. 186,
[Riggs] would have no evidence to refute that." The only probative evidence offered by the
State--the forms with the preprinted name of EYI, Inc.--is insufficient to meet appellants' high
burden of showing that the evidence conclusively proves that EYI, Inc., was the audited taxpayer or
that the district court's contrary findings were against the great weight and preponderance of the
evidence. See Dow Chem. Co., 46 S.W.3d at 241.

 Appellants further argue that, even if the evidence was legally and factually sufficient
to support the finding of the district court that EYI, Inc., was the audited entity, EYI, Inc., is estopped
from denying that it was the entity in question because:


 (1) it knowingly misrepresented itself as the taxpayer or concealed the fact that
Essentially Yours Industries, Corp., was the entity that transacted business in Texas;
(2) the Comptroller was without knowledge, or means of knowledge, of that fact;
(3) EYI, Inc., intended for the Comptroller to believe it was the taxpayer making the
taxable sales in Texas and intended for the Comptroller to assess the audit liability
against it; and (4) the Comptroller relied upon the representation to its prejudice.


As discussed above, the district court heard evidence that both sides may have been confused as to
which entity--EYI, Inc., or EYI, Corp.--was being audited and that neither party noticed this
discrepancy while the audit was being conducted. On this record, we cannot conclude that appellants
have met their burden of conclusively establishing the elements of estoppel or that the district court's
contrary findings are against the great weight and preponderance of the evidence.

 Because we find the evidence legally and factually sufficient to support the district
court's finding that EYI, Inc., was not the correct taxpayer, we overrule appellants' point of error and
affirm the judgment of the district court.

 

 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 22, 2008

1. EYI, Corp.'s sales activities ceased in 2002. In June 2002, EYI, Inc., merged with
Burrand Capital, Inc. After the merger, Burrand Capital, Inc. changed its name to Essentially Yours
Industries, Inc., a separate entity from the original EYI, Inc. The new EYI, Inc., was assigned a new
taxpayer identification number. Once the merger had been completed, EYI, Corp., ceased all sales
activity. These events occurred after the audit period ended on June 30, 2001, and have no effect
on the analysis in this case.
2. Riggs had completed an audit of EYI, Inc., for the immediately preceding period. The prior
audit is not at issue in this case. 
3. According to appellants:


 Since the Defendant denied that it was the same entity that the Texas Comptroller
identified and audited as the taxpayer, it was the State's burden to prove that
"Essentially Yours Industries, Inc.," was the correct taxpayer. If the trial court judge
had agreed with the State, and determined that the defendant was the same taxpayer
that was audited by the Texas Comptroller, then the burden was on the defendant
to prove, by conclusive evidence, that the Comptroller's determination of tax due
was incorrect.


 The Comptroller's determination of tax due, or liability, is not at issue in this appeal. The
sole issue to be determined is whether EYI, Inc., is the correct taxpayer.
4. According to Riggs's testimony, the taxpayer's name could have been corrected at any time
during the audit period. Similarly, even after EYI, Inc., asserted its argument that it was not the
correct taxpayer, there is no evidence of any attempt by appellants to correct or amend their petition
to add EYI, Corp., as a defendant.