NO. 07-09-0374-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 23, 2011

_____

DOUG SETTLER,

Appellant

v.

CHARLES MIZE D/B/A QUALITY FRAMING,

Appellee

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,289; HONORABLE RUBEN GONZALES REYES, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

Doug Settler (Settler) sued Charles Mize d/b/a Quality Framing (Mize) for personal injuries received while working as a framer for Mize. The injuries suffered by him occurred when a garage header fell as it was being raised.  After hearing the evidence of all litigants, the jury found that Mize was not negligent, and judgment was entered upon that verdict.  Settler appealed, claiming that 1) the trial court abused its discretion in refusing to allow him to pose a particular question to the jury during voir

dire, and 2) the evidence was legally and factually insufficient to support the verdict that Mize was not negligent. We affirm the judgment.

*Issue 1 – Voir Dire*

During voir dire, Settler sought permission to pose the following question to the jury:

> The Court will instruct you that you may not consider whether any party is covered in whole or in part by insurance of any kind. There will be no evidence or discussion about insurance in this case. Some people may have such a strong belief that jury verdicts affect insurance rates that they would be unable to follow the Court's instruction. My question is whether you can follow the Court's instruction not to consider the question of insurance?

After the matter was debated by the litigants, counsel for Settler asked the trial court: "So you're going to deny allowing me to ask ***that*** question?" (Emphasis added). The court then replied: "***That*** question that you've presented to the Court, yes, sir." (Emphasis added). In so deciding, the trial court allegedly abused its discretion because the ruling denied appellant his "right to ask a proper question [and] prevented determination of whether grounds existed to challenge jurors for cause and denied [him the] intelligent use of peremptory challenges." The issue is overruled for several reasons.

First, Settler never established, here or below, that the particular question was a proper one. When the trial court inquired about whether he had legal authority supporting his purported right to ask "that question *in that fashion,*" the response it received was ". . . I mean, it's in the Court's Charge. I don't know that there's a case that says you can ask that particular question . . . ." Apparently, that would be the same answer we would receive if we were to make the same inquiry. No authority addressing

2

the legitimacy of that particular question was given to us by Settler. Nor did he explain why it was appropriate to specifically say "some people may have a strong belief that jury verdicts affect insurance rates" or why any of the other particular verbiage selected by him was legitimate. And, while Settler talks to us at length about being able to generally voir dire the prospective jurors on the subject of insurance and their ability to follow an instruction directing them to avoid the consideration of insurance, nothing in the trial judge's comments or ruling prohibited him from generally delving into those topics. He simply was barred from asking a specific question which he has yet to show was proper.

Second, to secure reversal, Settler was obligated to not only establish that the trial court erred but also that the error was calculated to cause and probably did cause the rendition of an improper judgment. *Aransas County Navigation Dist. No. 1 v. Johnson,* No. 13-05-563-CV, 2008 Tex. App. LEXIS 3153 at *33 (Tex. App.- Corpus Christi April 29, 2008, pet. denied) (mem. op.). The second component of that obligation (*i.e.* harm) went unaddressed by him, as well. Thus, he did not satisfy his appellate burden.

Third, and though not basis in and of itself for overruling the issue, Settler's representation about the "Pattern Jury Charges [being] created by the Committee on Pattern Jury Charges and adopted by the Texas Supreme Court" is wrong. Those charges are akin to forms developed by a committee of the State Bar of Texas, not the Supreme Court. Furthermore, we know of nothing from the Supreme Court mandating that the judiciary use them or illustrating that the Supreme Court has adopted them as its own works.

*Sufficiency of the Evidence*

We next consider the allegations concerning the sufficiency of the evidence. They are founded on the belief that Settler proved Mize was negligent in failing to 1) train his workers on the safe method of raising a garage header, and 2) adopt a safe method of raising a garage header. The safe method contemplated by Settler involved the use of personnel to support the header at its connecting point as it was raised. In rejecting those claims of negligence, the jury purportedly erred. We overrule the issue.

Regarding the legal sufficiency challenge posed, Settler had the obligation to show that the evidence established that Mize was negligent, as a matter of law. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001). To determine whether that burden was met requires us to examine the record for evidence supporting the jury's finding and, if there is none, to then examine the entire record to determine if the contrary proposition was established as a matter of law. *Id.* If the jury had before it some evidence upon which it could base its verdict, then we need go no further due to the first prong of the test. Given this standard of review, it would seem encumbent upon an appellant like Settler to first address whether any evidence existed that supported the jury's verdict, and, if some testimony could possibily be construed as doing so, then explain why adopting such a construction would be wrong.

As for the matter of factual sufficiency, an appellant complaining of a jury's decision to deny him recovery must illustrate that the finding was against the great weight and preponderance of all of the evidence. *Id.* Needless to say, satisfying either standard of review is normally a difficult task. And, for the reasons discussed below, Settler did not do so here.

4

First, the tact Settler took in briefing his argument focused on the existence of evidence illustrating Mize' alleged misfeasance. He did not comment upon that appearing of record and purporting to show that Mize either acted reasonably or that the supposed omissions did not cause the injury. For instance, Settler accused Mize of being negligent since the latter purportedly failed to provide a safe work place or train his workers about safety. Furthermore, this supposed negligence consisted of omitting to teach or direct workers to place their hands and feet at a particular point on the header as it was raised so as to prevent it from "kicking out" if the nails or like devices securing its base to the pivot point came loose. Given this accusation, one witness testified that if the header broke away as described, "and someone had their feet or their hands down there, that's a cause for another accident," and "[s]ome of those headers and beams are so heavy," and "I don't see how one person's hands or feet could stop it." One could interpret such testimony as indicating that 1) had Mize done what Settler said he should have done, then the possibility of injury remained present and, 2) the practice Settler said Mize should have utilized actually endangered those attempting to support the header. Settler did not attempt to explain why interpreting that evidence in such a manner would be unreasonable. Nor did he attempt to explain why it lacked sufficient probative value to enable reasonable jurors to use it as basis for concluding that Mize was not negligent in the manner suggested by Settler.

The evidence about 1) appellant being considered to be an experienced framer; 2) support via a hand or foot being appropriate only when the header is not nailed to a floor plate, unlike the circumstances at bar; 3) Mize and others having not seen a header fall in their numerous years of working in the construction industry; 4) Mize

5

having told the workers to have someone hold the connection point but that they would do it their own way when he was not on site; 5) support of the header at the connection point would have made no difference if the nails were not properly placed; 6) a worker who could not say whether he would have had someone hold the connection point even if he had been trained to do so; and 7) the method utilized by Mize in raising the header being "a very safe method," "a very accepted practice," and "ordinary and customary" was also ignored by Settler.  The latter did not explain why it and the other testimony mentioned above failed to constitute some evidence upon which a reasonable jury could reject his claims of negligence.  This may be because such evidence actually constituted some evidence allowing it to do so.  And, that there may have been evidence supporting Settler's own contention did little more than raise questions of fact for the jury to resolve. *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005).  Given these circumstances and the applicable law, we cannot say that the manner in which the jury so resolved the factual disputes was against the great weight and preponderance of the evidence.  Simply put, the evidence supporting the verdict was neither legally nor factually insufficient.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Pirtle, J., concurs in the result.

6