Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00844-CV

Shirley M. **RACKLEY**,
Appellant

v.

Kevin **KURZ**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. 10675C
Honorable Spencer W. Brown, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  August 3, 2011

AFFIRMED

Shirley M. Rackley, appearing *pro se*, appeals a take-nothing judgment rendered against her. We affirm the judgment of the trial court.

## FACTS

In August 2009, Rackley took a bull hide to Kevin Kurz at Heart O' the Hills Taxidermy for tanning. Kurz does not actually perform tanning, but prepares and sends the hides to a tannery. There was conflicting testimony presented as to the agreed cost of tanning. Kurz stated

he told Rackley that he would charge $14 per square foot to tan the hide, but he did not measure the hide. Rackley stated that Kurz declared the hide to be 50 square feet and said that he would charge her $500 to tan it. Regardless, Rackley paid a $250 deposit. In April of 2010, Kurz informed Rackley that the hide was ready. When Rackley returned to the taxidermy shop, she claimed that Kurz presented her with a small flawed bull hide, which was not the same hide she left in August of 2009. Kurz presented her with an invoice for $613.78.[1] Rackley refused to pay the outstanding balance, claiming that Kurz had told her that the total price would be $500. Rackley brought suit against Kurz d/b/a Heart O' the Hills Taxidermy in small claims court, seeking $275. The small claims court rendered judgment in Kurz's favor in the amount of $363.78, plus court costs. Rackley appealed that judgment to the county court at law. After a bench trial, the county court at law found in favor of Kurz on Rackley's breach of contract and fraud claims. The court ordered that Rackley take nothing against Kurz. The court further stated that Rackley had ten days to claim the hide by paying Kurz $363.78. Rackley now appeals.

## DISCUSSION

From Rackley's brief, it appears that she is challenging the sufficiency of the evidence to support the county court's judgment that she take nothing on her fraud and breach of contract claims against Kurz. *See Crawford v. Bexar County Tax Office*, No. 04-98-00653-CV, 1999 WL 102212, at *1 (Tex. App.—San Antonio Feb. 26, 1999, pet. denied) (mem. op., not designated for publication) (court of appeals may liberally construe *pro se* brief in the interest of justice). When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We consider and weigh all the evidence in the record, and set aside the verdict only

---

[1] The $250 deposit paid by Rackley was applied toward the total invoice amount.

if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*. at 241-42. In a bench trial, the trial court evaluates the credibility of the witnesses, determines the weight of testimony, and resolves conflicts and inconsistencies in the testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). As long as the evidence falls "within [the] zone of reasonable disagreement," we will not substitute our judgment for that of the fact-finder. *Id.* at 822.

At trial, Rackley testified that she took the hide of a two year-old black bull to Kurz for tanning. Rackley wanted to make the hide into a rug, but Kurz urged her to make it into boots. Kurz declared the hide to be 50 square feet, and told her that he would charge her $500 to tan the hide. Although Kurz told her he would have to send the hide off to a tannery, he said he would put a muslin backing on it and make it soft and supple once it was tanned so that it could be made into a rug. Kurz assured Rackley that the hide would be ready by Thanksgiving. When Rackley called about the status of her hide in November, she stated Kurz was abrupt and rude, and he told her that the tannery in Ingram was running three weeks behind. Rackley then called the tannery in Ingram, only to be told that they did not do business with Kurz. Over the next several months, Rackley made several phone calls inquiring as to the status of the hide. In April of 2010, Kurz informed Rackley that the hide was ready for pick up. When Rackley returned to the taxidermy shop, she claimed that Kurz presented her with a small flawed brown bull hide, which was not the same hide she left in August of 2009. Kurz presented her with an invoice in the amount of $613.78, which was more than the quoted price of $500. Rackley offered into evidence both a picture of the hide she took to Kurz for tanning and the actual hide Kurz attempted to return to her. Rackley stated that Kurz attempted to defraud her and fraudulently represented that the brown hide was the hide she took to his shop for tanning.

Rackley's husband, Ray Rackley, testified that he was with his wife on August 27, 2009 when they left the hide with Kurz for tanning. Ray heard Kurz quote a total price of $500 for tanning. He also heard Kurz push Rackley to make the hide into boots instead of a rug. Ray was also with Rackley when she went to claim the hide in April of 2010. Ray stated that the hide Kurz returned to Rackley was not the same hide Rackley left several months before.

In addition, Glen Long, a business associate of Kurz's and a friend of Rackley's, testified that he had no knowledge of Kurz replacing lost hides in the past. Rackley testified that she taped a telephone conversation between her and Long without Long's knowledge of the recording. In the conversation, Long stated that, "normally, . . . if we lose one, we get another one like it, or you know, something of that nature . . . ." In response to Rackley's question of whether Kurz had ever lost a skin, Long replied, "I can tell you that he's misplaced them."

Kurz testified that when Rackley brought the hide to his shop, he did not quote her a total price, but stated that he charged $14.00 per square foot. He did not measure the hide, but stated that the size would depend on the tanner's measurements. He presented Rackley with an invoice for $15.16, which accounted for the $14.00, plus sales tax; the invoice also states "Priced according to tanner measurement." Kurz did require a deposit of $250, which Rackley paid. Kurz stated that he marks the hides brought to his shop by hole punching them with an invoice number. Rackley's hide was punched with number 166 on the left side; 166 reflects the invoice number. Kurz then salted the hide and put it in the back room with a dehumidifier and waited to ship it to the tannery. He told Rackley it typically takes six to eight months to get a skin back from the tannery. Kurz kept the Rackley hide in his shop from August 27, 2009 to December 9, 2009, when he shipped it to Quality Fur Dressing in Spring, Texas. Kurz presented a shipping invoice showing the items he shipped to Quality on December 9, 2009, which included

Rackley's steer hide, an elk hide, and a bison hide. The final invoice Kurz presented to Rackley was in the amount of $363.78, which accounts for 40.5 square feet of hide multiplied by $14, plus sales tax, minus the $250 deposit remitted by Rackley.

Kurz refuted Rackley's contentions that he agreed to put a backing on the rug and that he promised the rug by Thanksgiving. He stated they never talked about making the hide into a rug and that he never promised the rug by Thanksgiving. He also disputed the accuracy of the coloring of the photograph that Rackley offered to show the black hide. Kurz stated that the color of the sky in the photograph did not look accurate. The trial court agreed, and made a judicial finding that "that picture doesn't look like a normal sky to me, either." The court noted that the photograph of the hide looked black and brown, not pure black. Kurz suggested that if the hide was dirty before it was brought to him, the tanning process would have lightened it with a brightener. Kurz reiterated that he punch marked, dried, salted, and shipped the same hide that Rackley brought to him. The hide, which is not before this court, was apparently marked with the number 166 (one hole, then six holes underneath, then six more holes underneath).

Finally, John Murray, the former owner of Heart O' the Hills Taxidermy, testified as to the process he used for identifying skins brought to him for tanning. He stated that he punch marked the left rear leg of the skin with the job number before shipping it to the tannery. Murray further stated that he had never known Kurz to lie, cheat, or steal, and that he was always polite to customers.

Based on the conflicting testimony presented by both sides in this dispute, we conclude the trial court could have reasonably found in Kurz's favor. *See City of Keller*, 168 S.W.3d at 819 (noting fact finder resolves conflicts and inconsistencies in testimony). We cannot say that the trial court's finding was so against the great weight and preponderance of the evidence as to

be clearly wrong and unjust.  *See Dow Chem. Co*., 46 S.W.3d at 242.  Accordingly, we overrule

Rackley's issues on appeal, and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice