COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

PRIMERA ENTERPRISES, INC. D/B/A § No. 08-09-00263-CV
JB'S LOUNGE,
§
Appellant, Appeal from the
§
v. County Court at Law No. 5
§
of El Paso County, Texas
MARK ANTHONY AUTREY, §
(TC# 2006-2383)
Appellee. §

**O P I N I O N**

Primera Enterprises, Inc. d/b/a JB's Lounge ("JB's") appeals from a judgment entered in

a bench trial finding that Appellant violated the Dram Shop Act. JB's raises two issues on

appeal. In Issue One, JB's argues that the trial court erred in failing to find that it had proved its

"safe harbor" affirmative defense as a matter of law. In Issue Two, JB's challenges the legal and

factual insufficiency of the evidence which supports its liability under the Dram Shop Act.

On May 5, 2005, Sergio Flores went out for drinks with friends. Mr. Flores began the

evening with a beer, before the group moved to a nearby bar called JB's Lounge. At JB's,

Mr. Flores began drinking Jack Daniels whiskey and Coca-Cola. Each time he finished one

drink he ordered another one, and the waitress served him right away. By 11 p.m., when his

friends left JB's, Mr. Flores had consumed at least six drinks.

After his friends left, Mr. Flores moved to the bar and continued drinking. He left JB's

Lounge in his vehicle at approximately 11:30 p.m. A little over an hour and a half later,

Mr. Flores was involved in a two-car automobile collision. The other driver sued Mr. Flores and

JB's Lounge for negligence, gross negligence, and violations of the Texas Dram Shop Act. JB's asserted an affirmative defense under the Safe Harbor provisions of the Texas Alcohol and Beverage Code.

At trial, Mr. Flores testified that he did not remember what happened during the hour and a half between leaving JB's Lounge and the collision. He admitted that at the time of the collision, he was driving while intoxicated, and that he was at fault for the collision. Mr. Enrique Silva, the president JB's parent company, also testified at trial. According to his testimony, Mr. Silva and his employees were qualified, trained, and licensed by the Texas Alcohol and Beverage Commission ("TABC"). Every employee of JB's Lounge, including those who worked on the evening of the accident, had seller training certifications from TABC. According to Mr. Silva, all JB's employees were trained to be vigilant for intoxicated patrons, and were instructed to refrain from serving an intoxicated customer. Employees were trained to stop serving an intoxicated customer, and were expected to call a taxi to take the patron home, if necessary. Mr. Silva further testified that if an employee continued to serve alcohol to a customer who was intoxicated to a level that he posed a danger to himself or others, that employee would be dismissed. Mr. Silva was not personally at JB's Lounge on the night of May 5, 2005. None of the employees working at JB's Lounge that evening reported having to halt service to an intoxicated customer.

The case was tried to the bench. The court concluded that both Mr. Flores and JB's were proximate causes of the automobile collision. The trial court assigned 75 percent of negligence to Mr. Flores and 25 percent of negligence to JB's. The court also found actual damages in the amount of $93,845.28 against both Appellant and Mr. Flores, and exemplary damages in the

amount of $250,000 against Mr. Flores only. The judgment was signed and entered on September 3, 2009.

JB's raises two issues on appeal. In Issue One, JB's challenges the legal sufficiency of the trial court's failure to find that it established its affirmative defense under Texas Alcohol and Beverage Code Section 106.14(a). In Issue Two, JB's contends that the evidence is legally and factually insufficient to support the trial court's determination that the entity is liable pursuant to the Texas Dram Shop Act. We will address the issues in the order they are presented.

Issue One addresses the trial court's failure to determine that JB's established its right to the affirmative defense contained in Section 106.14(a) of the Texas Alcohol and Beverage Code. As an affirmative defense, JB's bore the burden of proving its compliance with Section 106.14 at trial. *See Five Star Intern. Holdings, Inc. v. Thomson, Inc.*, 324 S.W.3d 160, 165 (Tex.App.--El Paso 2010, pet. denied). To successfully challenge the legal sufficiency of the fact finder's failure to answer such an issue in its favor, the complaining party must demonstrate that the evidence establishes all vital facts in support of the issue, "as a matter of law." *Dow Chem, Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a matter of law challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Francis*, 46 S.W.3d at 242. If there is no evidence to support the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Id*. The issue should be sustained only if the contrary proposition is conclusively established. *Francis*, 46 S.W.3d at 242.

The trial court found Appellant negligent in violating the Dram Shop Act. The Dram Shop Act imposes liability on providers of alcohol for the actions of intoxicated customers if: (1)

at the time of the provision it was apparent to the provider that the customer was obviously intoxicated to the extent that he presented a clear danger to himself and others; and (2) the intoxication of the customer was a proximate cause of the damages suffered *See* TEX.ALCO.BEV.CODE ANN. § 2.02(b)(West 2007). However, the Act also contains a section eliminating this liability under certain circumstances. *See* TEX.ALCO.BEV.CODE ANN. § 2.02(b); TEX.ALCO.BEV.CODE ANN. § 106.14(a)(West 2007). Under the "safe harbor" provision, the actions of an employee in over-serving a patron "shall not be attributable to the employer if: (1) the employer requires its employees to attend a commission-approved seller training program; (2) the employee has actually attended such a training program; and (3) the employer has not directly or indirectly encouraged the employee to violate such law." TEX.ALCO.BEV.CODE ANN. § 106.14(a).

The provision intends to provide a broad shelter from liability for a provider who has complied with the first two elements while also ensuring that this shelter not be abused. *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008). As such, Section 106.14(a) has been interpreted to include both an affirmative defense, contained in the first two elements, as well as a potential rebuttal to that defense if the claimant can demonstrate that the employer directly or indirectly encouraged the server to continue to serve an intoxicated patron. *See Parker*, 249 S.W.3d at 398. Encouragement may be shown, at the minimum, by evidence of the provider's negligence. *Id*. at 394.

By comparison, "negligence" in Dram Shop cases implies that the provider has engaged in behavior that a reasonable provider would not have done under the same or similar circumstances, or the provider has failed to do what a reasonable provider would have done

-4-

under the same or similar circumstances. *Parker*, 249 S.W.3d at 398. The circumstances that should be taken into consideration include a provider's awareness of, and reliance on, its employees' successful completion of an approved seller training program. *Id*. For example, a provider might, without so intending, encourage its employees to over-serve by serving obviously intoxicated persons himself and thus modeling inappropriate behavior, or by failing to punish over-service, or by setting an excessively high minimum sales quota without regard to the number of patrons. *Id*. However, a provider, after having otherwise met its burden under Section 106.14(a), is not required to demonstrate enforcement on the occasion giving rise to the cause of action. *Parker*, 249 S.W.3d at 399.

There is no dispute in the case before us that JB's established the first two elements, of Section 106.14(a). Every employee of JB's Lounge, including those who worked on the evening in question, had seller training certifications from TABC. Having established those elements at trial, the burden shifted to the negligence claimant to prove that JB's directly or indirectly encouraged the employee who served Mr. Flores to violate the Dram Shop Act. *See Parker*, 249 S.W.3d at 394. The record is silent on this issue. There was neither direct evidence that JB's knowingly ordered or rewarded over-service, nor circumstantial evidence that he engaged in behavior which a reasonable provider under the same or similar circumstances should have known would constitute encouragement. *See id*. at 398. As there is no dispute that JB's established the first two elements of the safe harbor defense, and as there is no evidence of "encouragement" which would rebut the defense, JB's matter of law challenge on its affirmative defense must be sustained. *See Parker*, 249 S.W.3d at 394. Accordingly, Issue One is sustained. Having sustained Issue One, we decline to address the alternative legal and factually sufficiency

arguments raised in Issue Two.

Having sustained Issue One, the trial court's judgment as to Appellant will be reversed and a take-nothing judgment will be entered in JB's favor.


August 10, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.