**Affirmed and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00623-CV

---

## JOSE RANGEL AND JUAN CARLOS ARGUNDIS-RAMIREZ, Appellants

## V.

## JOSE ALVARO RIVERA, Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2012-19282**

---

## M E M O R A N D U M   O P I N I O N

Appellants, Jose Rangel and Juan Carlos Argundis-Ramirez, appeal a take-nothing judgment in their suit against appellee, Jose Alvaro Rivera, for personal injuries allegedly sustained in an automobile accident. In their sole issue, appellants contend the evidence is factually insufficient to support the jury's finding that the negligence, if any, of Rivera did not proximately cause the accident. We affirm.

## I. BACKGROUND

According to appellants, one evening in May 2010, Rangel was driving a truck in which Argundis-Ramirez was a passenger when their vehicle, while stopped at a red light, was rear-ended by another truck. Argundis-Ramirez never saw the occupants of the other truck. However, Rangel testified he saw two or three men in the other truck who fled after attempting unsuccessfully to restart it.

Appellants claim they were both injured in the accident. They sued Rivera, alleging he was the driver of the other truck. At trial, Rangel did not unequivocally identify Rivera as the driver although Rangel testified Rivera looked "very much like" the driver. A police report admitted at trial listed Rivera as the registered owner of the other truck at the time of the accident although the report also stated "unknown" for the driver involved in the accident. Rivera denied he was the driver; he testified he was home at the time of the accident and had sold the truck a few days earlier to a man who apparently failed to formally transfer the title.

The jury answered "No" to the following question: "Did the negligence, if any, of [Rivera] proximately cause the occurrence in question?" Therefore, per the instructions, the jury did not answer questions regarding damages. The trial court signed a judgment ordering that appellants take nothing. Appellants filed a motion for a new trial, challenging, *inter alia*, factual sufficiency of the evidence to support the verdict, which was denied by written order.

## II. ANALYSIS

In reviewing a factual sufficiency challenge, we consider and weigh all of the evidence. *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 396 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). A party attacking factual sufficiency relative to an issue on which he bore the burden of proof must demonstrate the adverse finding is

"so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust." *See id*. (citing *Francis*, 46 S.W.3d at 242). The trier of fact is the sole judge of witness credibility and the weight to be given their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.— Houston [14th Dist.] 2001, pet. denied). We are not a fact finder and may not pass upon the witnesses' credibility or substitute our judgment for the jury's, even if the evidence would support a different result. *Big Dog Logistics, Inc. v. Strategic Impact Corp.*, 312 S.W.3d 122, 135 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998)).[1]

The crux of appellants' complaint is that the jury's finding that Rivera was not the other driver is "so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust." We disagree.[2] There were two areas of evidence through which appellants attempted to prove Rivera was the driver: (1) Rangel's testimony that Rivera looked "very much like" the driver; and (2) the undisputed fact that Rivera was the registered owner of the other truck at the time of the accident. However, this evidence did not establish Rivera was the driver.

The jury, as judge of witness credibility, was free to reject Rangel's testimony that Rivera looked "very much like" the driver. In fact, Rangel has provided somewhat inconsistent descriptions of the driver. At trial, which was the first time since the accident that Rangel encountered Rivera, Rangel described the

---

[1] Appellants suggest the abuse-of-discretion standard applies because they presented the factual-sufficiency challenge via a motion for new trial. Although we generally review the denial of a motion for new trial for abuse of discretion, we apply the sufficiency standard when the motion presents a challenge to sufficiency of the evidence. *See Enright*, 330 S.W.3d at 396.

[2] We note that such a finding was not necessarily the basis for the jury's answer to the question at issue. Rather, the jury could have alternatively found that, even if Rivera was the driver, appellants failed to establish he was negligent. Nonetheless, because we conclude the evidence is factually sufficient to support a finding that Rivera was not the driver, we need not consider sufficiency of the evidence to support any finding based on the alternative scenario.

driver as a "somewhat tall" Hispanic man, which description matched Rivera. But in a deposition, he described the driver as a Hispanic man of medium height, although Rangel attempted to explain at trial that medium height could mean "medium tall." Additionally, Rangel agreed that his only observation of the other driver was through Rangel's rear-view mirror, in the dark. Moreover, it is axiomatic that being the registered owner of the vehicle would not alone establish the owner was the driver when the vehicle was involved in an accident.

Even if the jury believed the testimony that Rivera strongly resembled the driver, it was free to believe Rivera's testimony denying he was the driver despite being the registered owner. Specifically, Rivera explained that, five days before the accident, he was approached at a gas station by an unknown man who wanted to buy the truck, which had a "for sale" sign on the back window. They negotiated a price and met back at the station later that day to complete the sale. Rivera signed the title, he exchanged it with the buyer for $5,000 in cash, and the buyer then drove Rivera home. Rivera further testified that, on the evening of the accident, he was home babysitting his children while his wife worked.

Appellants maintain Rivera concocted the claim that he had sold the truck and was not involved in the accident. Appellants cite several admissions by Rivera as purportedly demonstrating his claim is incredible: (1) Rivera never requested the buyer's name or contact information; (2) Rivera permitted the buyer to test drive the truck without requesting his driver's license; (3) Rivera did not obtain a bill of sale; (4) he did not deposit the $5,000, and thus there was no record he received this money; (5) he took no further steps to transfer the title or determine whether the buyer had done so; (6) the truck was still registered in Rivera's name two months after the accident; (7) he knew the truck was not drivable after the accident; (8) he testified in his deposition that he had acknowledged owning the

4

truck when contacted by telephone shortly after the accident; (9) there was no other evidence corroborating that he was at home at the time of the accident; and (10) his driver's license was expired at the time of the accident, which, according to appellants, was the reason he fled.

We note that some of these points cited by appellants were further qualified by Rivera. For instance, Rivera testified (1) he did not ask for the buyer's license because Rivera accompanied him during the test drive, (2) Rivera learned the truck was not drivable after the accident from Rangel's earlier testimony and not because Rivera still possessed the truck, (3) either Rivera did not completely understand the person who called after the accident because Rivera is not fluent in English or he did not understand the deposition question, and (4) his wife could not appear at trial to verify his whereabouts at the time of the accident because her employer would not release her from work.

Regardless, we defer to the jury's role to weigh the factors cited by appellants against Rivera's claim that he had sold the truck and was not involved in the accident and the jury's choice to believe Rivera. *See Big Dog Logistics*, 312 S.W.3d at 135; *Pascouet*, 61 S.W.3d at 615–16. We conclude these factors do not render the jury's finding "so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust." *See Enright*, 330 S.W.3d at 396.

Accordingly, because the evidence is factually sufficient to support the jury's finding, we overrule appellants' sole issue and affirm the trial court's judgment.


/s/    John Donovan
Justice

Panel consists of Justices Boyce, McCally, and Donovan

5