*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00816-CV

Tsung-Rian **CHEN**, a/k/a Mark Chen,
Appellant

v.

**TECHNOLOGY RECYCLING**,
Appellee

From the County Court at Law No 3, Bexar County, Texas
Trial Court No. 344758
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

AFFIRMED

This is an appeal from a take-nothing judgment rendered in favor of the appellee following a bench trial.

## DISCUSSSION

Appellant, Tsung-Rian Chen, filed suit against appellee, Technology Recycling, for breach of contract and to recover $15,119.02 that Chen alleged appellee owed to him. Following a bench trial, the trial court rendered a take-nothing judgment against Chen. On appeal, Chen

alleges the trial court misunderstood the terms of the contract between the parties, the trial court overlooked the fact that he never received any "terms and conditions" from appellee, the trial court erred in finding that a container of goods was shipped from San Antonio to California instead of to Hong Kong, the trial court overlooked appellee's inconsistent statements regarding a third container of goods, the trial court erred by adopting appellee's claim that appellee remains ready to load the remainder of unshipped goods if Chen provides the container, and the trial court erred by ignoring appellee's intention to hide invoices. We liberally construe Chen's assertions on appeal as a challenge to the factual sufficiency of the evidence in support of the trial court's implied finding that appellee did not breach the parties' agreement and, therefore, appellee did not owe Chen damages.

At trial, Chen testified he and appellee entered into an agreement for Chen to purchase computer monitors and other computer scrap from appellee. The agreement was evidenced by two invoices, one in the amount of $14,264.79 and the other in the amount of $14,970.00. There is no dispute that Chen wired the full amount of $29,234.79 to appellee's bank account. There is also no dispute that two containers were loaded with goods and shipped to Chen's customer in Hong Kong. When the containers were loaded and shipped, new copies of the two invoices were sent to Chen documenting the quantity and unit price of the goods shipped and noting the shipment date. However, Chen testified that appellee failed to load the amount and type of goods indicated on the copies of the first two invoices, and instead, loaded and shipped a different quantity and type of goods to his customer. For example, instead of shipping the 302 CRT monitors shown on the first copy of the invoice, appellee shipped 473 CRT monitors, as shown on the second copy of the invoice.

Because of the different type and quantity of goods shipped, Chen alleged a balance was owed to him of $15,748.02. In an effort to get the remaining balance back, Chen said he and appellee entered into another agreement as evidenced by a third invoice. However, according to Chen, the third container was not packed properly and some of the scrap metal fell off and the freight forwarder refused to take the container. Chen denied he asked appellee to stop shipment of the third container. Chen said appellee then charged him for labor and fuel associated with loading the third container, leaving a balance of $15,119.02.

Appellee's two company representatives explained the method under which their business operates. Appellee advertises for sale monitors and other computer scrap. Every day appellee acquires scrap and ships scrap; therefore, the amount and type of available commodity can change daily. Potential buyers view the company's website and contact appellee through its website. When appellee receives a prospective buyer's communication, it emails the buyer the company's terms and conditions along with a request for the buyer to list the prices the buyer will offer for the different commodities appellee sells. At this time, appellee tells the buyer what commodities it has on hand in its warehouse on that specific date by sending the buyer a pro forma invoice similar to the first two invoices received by Chen. Often, as was the case here, appellee asks for a deposit. The buyer is responsible for arranging for a container. When the deposit is received and the container arrives at appellee's warehouse, appellee loads the container with the commodities available on that date. Buyers may watch the loading of their container via the company's website. A final version of the invoice, similar to the second two copies received by Chen, is sent to the buyer listing the commodities shipped, the unit price, and the shipment date.

Appellee denied the freight forwarder cancelled the third container. Instead, according to appellee, the container never left its dock because Chen's wife cancelled the container. Appellee stated its terms and conditions provide that the deposit is non-refundable, but appellee remains willing to fulfill its obligation to Chen to ship commodities in the amount of the remaining balance.

When, as here, the party who had the burden of proof at trial complains of the factual insufficiency of the evidence, that party must demonstrate that the adverse finding is contrary to the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We weigh all the evidence, and will set aside the adverse finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *G. Prop. Mgmt., Ltd. v. Multivest Fin. Serv. of Texas, Inc.*, 219 S.W.3d 37, 50 (Tex. App.—San Antonio 2006, no pet.). And, in a bench trial, the trial court has the right to accept or reject any part or all of a witness's testimony. *Id.* The court may believe one witness and disbelieve others and may resolve inconsistencies in any witness's testimony. *Id.* After reviewing all the evidence, we conclude the evidence in support of the trial court's judgment is not so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

## CONCLUSION

Because the evidence is factually sufficient, we overrule Chen's complaints on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice