Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**MEMORANDUM OPINION**

No. 04-10-00421-CV

**PECAN VALLEY GOLF APARTMENTS**,
Appellant

v.

Ronald **MORELAND**, Renee Moreland and all other Occupants,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 358, 721
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

AFFIRMED

This is a suit for forcible detainer brought by Pecan Valley Apartments against its tenants, Ronald and Renee Moreland. The case was tried before the court, and judgment was entered in favor of the Morelands. Pecan Valley appeals. Finding no error, we affirm the trial court's judgment.

On April 17, 2006, Pecan Valley and the Morelands entered into a lease agreement by which the Morelands leased an apartment for $559.00 per month. The lease provided that the

Morelands would make rental payments at the manager's office or in a mail slot. The lease further provided for rent to be paid "on or before the 1st day of each month (due date) with no grace period." Additionally, the lease stated the following:

> If you don't pay all rent on or before the 3rd day of the month and we haven't given notice to vacate before that date, you'll pay an initial late charge of $30.00 plus a late charge of $5.00 per day after that date until paid in full. Daily late charges will not exceed 15 days for any single month's rent.

In its pleading, Pecan Valley alleged that the Morelands had materially breached the lease by failing to make all rental payments due. Thus, according to Pecan Valley, under the Forcible Detainer provision of the Texas Property Code, Pecan Valley was entitled to immediate possession of the apartment. *See* TEX. PROP. CODE ANN. § 24.002 (West 2000) (providing that a tenant who refuses to surrender possession of real property on demand commits forcible detainer after termination of the tenant's right of possession).

During the trial, Pecan Valley presented testimony of Myra Camacho, a management employee of Pecan Valley. Camacho testified that the Morelands did not pay rent for the months of March and April of 2010. As a result of the failure to pay the March rent, on March 8, 2010, Camacho delivered notice to the Morelands to vacate the apartment. She then filed the Forcible Detainer suit. According to Camacho, she hand-delivered the notice to vacate on March 8th to the Morelands, and Mr. Moreland came to her office the following day and acknowledged he had not paid the rent. Further, according to Camacho, the rent for March and April was never received by Pecan Valley.

Mr. Moreland testified that he did pay rent for March and April 2010 by placing money orders in the drop box provided by Pecan Valley. He produced copies of the money orders — the March money order was dated March 5, 2010, and the April money order was dated April 3, 2010. Moreland testified that his rent was due by the third of each month and that if he did not

pay it by the third, he was assessed late charges. After receiving the notice to vacate, Moreland went to talk to Camacho the following day and received a copy of his payment history. According to Moreland, he has made every single payment required by the lease.

After hearing the evidence, the trial court entered a take-nothing judgment against Pecan Valley and in favor of the Morelands. The Morelands were also awarded $1,500.00 in attorney's fees. And the trial court signed findings of fact and conclusions of law. In its findings of fact, the trial court found Moreland "dropped the rental payment in the Mail Slot of the apartment specifically for the month of March 2010 and April 2010 prior to the 'late charge' date." Further, the trial court found the Morelands did not breach the contract and thus did not commit a forcible detainer requiring surrender of the apartment. In its conclusions of law, the trial court concluded the Morelands did not breach the contract and all payments were made timely and in accordance with the lease agreement.

On appeal, Pecan Valley urges two issues. First, Pecan Valley argues the trial court's finding is factually insufficient and contrary to the overwhelming weight of the evidence. When a party attacks the factual sufficiency of an adverse finding on an issue on which that party has the burden of proof, that party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing such a challenge, we consider and weigh all the evidence and may set aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

Pecan Valley argues that, because the lease required payment on or before the first day of each month, any payment made after the first of the month amounts to a breach of the lease. And, because the money orders produced by the Morelands were dated after the first of the

month, such payments, if made, were untimely, resulting in a breach of the lease as a matter of law.

It is apparent from the evidence and the trial court's findings and conclusions that the lease agreement, in addition to the requirement that rent be paid on or before the first day of the month, also included provisions for late payments. Apparently, the trial court, in considering whether a breach had occurred, took into account the fact that the lease allowed late payments if the tenant does not pay rent by the third day of the month and no notice to vacate has been given before that date. In other words, although rent is due no later than the first day of the month, because the lease allows for late payments, payment of rent after the first day of the month does not amount to a breach of the lease. The trial court also apparently believed Moreland's testimony that he paid both the March and April rental payments and disbelieved Camacho's testimony that the payments were never received. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Thus, we cannot say the trial court's finding was against the great weight and preponderance of the evidence. And, therefore, we overrule Pecan Valley's first issue on appeal.

In its second issue, Pecan Valley contends the trial court erred in admitting evidence that the Morelands consistently paid their rent late, which amounted to admitting evidence of an unpled affirmative defense of waiver. The trial court, however, made no findings or conclusions based on waiver and, therefore, apparently did not rely on such evidence. Therefore, we overrule Pecan Valley's second issue on appeal.

Accordingly, we affirm the trial court's judgment.

Karen Angelini, Justice