**Opinion issued September 4, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00569-CV

————————————

**GRAMEN FARM, LLC AND GRANT WILSON, Appellants**

**V.**

**HUYEN NGUYEN AND DUNG VU, Appellees**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1004799**

---

## MEMORANDUM OPINION

This lawsuit arises from disputes between an occupying landowner and tenants who purchased the landowner's dairy business, in part with a note to the owner. The tenants occupy an area surrounding the landowner's mobile home. The tenants defaulted on the note. The landowner, Huyen Nguyen, sued the

tenants, Gramen Farm, LLC, Grant Wilson, and Hang Trinh, Wilson's wife, (collectively, "the Wilsons"), to recover the unpaid balance on the note. The Wilsons counterclaimed against Nguyen and her husband, Dung Vu, for breach of their lease agreement, among other claims. A jury found the Wilsons liable for the unpaid balance on the note, but also found that Nguyen and Vu had breached the lease agreement. The trial court rendered judgment for Nguyen, after crediting leasehold damages and attorney's fees to the Wilsons.

On appeal, the Wilsons contend that (1) factually insufficient evidence supports the jury's finding that Grant Wilson is personally liable for the unpaid debt on the note; and (2) the trial court erred in excluding Grant Wilson's testimony on the leasehold's diminished value. Nguyen cross–appeals, contending that legally insufficient evidence supports the jury's finding that she and Vu breached the lease agreement.

We modify the judgment to delete the trial court's credit of leasehold damages and attorney's fees and affirm as modified.

## Background

In August 2010, Nguyen sold Gramen Farm, LLC to Wilson and Trinh, pursuant to a purchase agreement. Gramen Farm's assets included livestock and farming equipment. In exchange, Gramen Farm promised to pay Nguyen

2

$108,700 in a promissory note. Wilson signed the note on Gramen Farm's behalf. Wilson also signed a guaranty agreement as the guarantor of the note.

Nguyen did not sell the farm property to the Wilsons in connection with her sale of the farm business. Gramen Farm instead leased the property from Nguyen to operate a dairy farm. In their lease agreement, the parties carved out the area around Nguyen's mobile home on the property. Nguyen represented that she was "not aware of any material defect on the Property . . . or any environmental hazard on or affecting the Property that would affect the health or safety of an ordinary person, except: electrical, drainage or septic system for buildings."

The lease provided that Gramen Farm must maintain and repair the plumbing and drainage systems of the leased property. Also, if a government regulation or order required a modification to the plumbing and drainage systems, the lease agreement provided that Gramen Farm "must complete and pay the expense of the modification."

Nguyen did not "represent or warrant that the [property] conform[ed] to applicable restrictions, zoning ordinances, setback lines, parking requirements, impervious ground cover ratio requirements, and other matters that may relate to [Gramen Farm's] intended use." The lease required that Gramen Farm "satisfy itself that the [property] may be used as [it] intends by independently investigating all matters related to the use of the [property]." Gramen Farm further "agree[d]

3

that it is not relying on any warranty or representation made by [Nguyen] . . . concerning the use of the [property]." Finally, the lease represented that Gramen Farm "has inspected the [property] and accepts it in its present (as–is) condition unless expressly noted otherwise in [the] lease." Nguyen "made no express or implied warranties as to the condition or permitted use of the [property]."

The parties did not get along. About a year after the purchase of the dairy business, in August 2011, Gramen Farm ceased paying Nguyen on the promissory note associated with the purchase of the business. Gramen Farm, however, has continued to pay Nguyen rent pursuant to the lease agreement allowing it to occupy the farm property.

In April 2012, a county health department investigator inspected the dairy farm. The health investigator determined that Gramen Farm was operating without a county health department permit. Wilson testified that, to obtain the proper permit, the county required him to demonstrate that the farm's store had a functional septic system. A state milk inspector testified that he had directed Wilson to shut down the store's restroom facility.

*Course of proceedings*

Nguyen sued the Wilsons to recover the unpaid debt on the note. The Wilsons counterclaimed against Nguyen and Vu for breach of the lease agreement, among other claims. The jury found that (1) the Wilsons had breached the farm

4

purchase agreement, and Nguyen had not; (2) Nguyen and Vu had breached the lease agreement; (3) Nguyen had not trespassed upon the leased property or committed fraud against Wilson and Trinh; and (4) Nguyen had not engaged in a false, misleading, or deceptive act or practice that injured Wilson and Trinh. The jury awarded Nguyen $104,622.51 in damages on the unpaid balance of the note, $21,500 in attorney's fees, and conditional appellate attorney's fees. It also awarded Gramen Farm $14,000 as the reasonable cost of a septic system, $32,300 in attorney's fees, and conditional post–trial and appellate attorney's fees, as damages for breach of the parties' lease agreement. The trial court offset the awards and signed a judgment in favor of Nguyen for $77,822.51 in damages and attorney's fees.

The following month, the Wilsons moved for a new trial and attached an affidavit by their counsel in support of their motion. The Wilsons also moved for leave to file an offer of proof. The trial court denied both motions.

## Discussion

The Wilsons challenge (1) the factual sufficiency of the evidence supporting the judgment against Wilson, individually, as guarantor of the note; (2) the exclusion of evidence of the fair market value of the leasehold; and (3) the denial of their motion for a new trial. Nguyen challenges the legal sufficiency of the

evidence supporting the jury's finding that she and Vu breached the lease agreement.

*Standard of review*

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair–minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact–finder could, and disregard contrary evidence unless a reasonable fact–finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact–finder. *Id.* at 822. In making credibility determinations, however, the fact–finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Id.* at 820. The fact– finder thus is not "free to believe testimony that is conclusively negated by undisputed facts." *Id.*

In reviewing the record for factual sufficiency, we set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence

greatly outweighs the evidence in support of the verdict." *Id.* (quoting *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)) (internal quotation omitted). The jury is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *City of Keller*, 168 S.W.3d at 819. Because it is the jury's province to resolve conflicting evidence, we must assume that jurors resolved all conflicts in harmony with their verdict. *Id.* at 820.

*Applicable law*

Our primary concern in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). We "consider the entire writing in an effort to harmonize and give effect to all of the provisions of the contract so that none will be rendered meaningless." *Seagull Energy*, 207 S.W.3d at 345 (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)) (internal quotation omitted). Contract terms will be given their plain, ordinary, and generally accepted meanings, unless the contract indicates a technical or different sense. *Dorsett*, 164 S.W.3d at 662.

In determining whether an "as is" clause is enforceable, we review the totality of the circumstances surrounding the agreement. *Bynum v. Prudential*

*Residential Servs., Ltd. P'ship*, 129 S.W.3d 781, 789 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 162 (Tex. 1995)). We consider whether the "as is" clause is an important part of the bargain, rather than an incidental boilerplate provision, and whether the parties have relatively equal bargaining positions. *Id.* (citing *Jefferson Assocs.*, 896 S.W.2d at 162).

*Personal liability*

The jury found that "Grant Wilson and/or Ellie Trinh and/or Gramen Farm, LLC" breached the purchase agreement. Based on this finding, the trial court concluded that Wilson was personally liable on the note and awarded damages against Gramen Farm and Wilson.

A guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform. *Republic Nat'l Bank of Dallas v. Nw. Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 114 (Tex. 1978). Under normal circumstances, a written guaranty given to secure a corporate debt will be rendered meaningless if the primary debtor is found to be the sole party liable thereunder. *84 Lumber Co. v. Powers*, 393 S.W.3d 299, 307 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 263 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (Frost, J., concurring)); *Dann*

*v. Team Bank*, 788 S.W.2d 182, 184 (Tex. App.—Dallas 1990, no writ).  To avoid this result, corporate designations appearing after signatures on documents of this type are considered descriptio personae, or mere identifying phrases.  *Powers*, 393 S.W.3d at 305–06; *Dann*, 788 S.W.2d at 184.  We construe a contract so that it will not be rendered meaningless.  *Seagull Energy*, 207 S.W.3d at 345.

Wilson signed the guaranty as "Manager" of Gramen Farm, LLC.  If Wilson signed the guaranty agreement in his corporate capacity as Gramen Farm's manager, however, then Gramen Farm, the primary obligor, would be the sole party liable on the debt, a result that would render the guaranty agreement meaningless.  *See Powers*, 393 S.W.3d at 307.  Wilson expressly conceded at trial that he is personally liable on the debt.  We hold that Wilson's signature as manager of Gramen Farm is descriptio personae.  *See id.* at 305–06.  The trial court did not err in finding Wilson personally liable for the judgment on the note.

*Breach of the lease agreement*

Nguyen and Vu contend that legally insufficient evidence supports the jury's finding that they breached the lease agreement and owed Gramen Farm $14,000 as a reasonable cost to replace the farm store's septic system.  Vu was not a party to the lease agreement.  Accordingly, we hold that Vu did not breach it and no evidence supports the judgment against him.  We next consider the evidence as it relates to Nguyen.

In the lease agreement, Nguyen represented that she was "not aware of any material defect on the Property . . . or any environmental hazard on or affecting the Property that would affect the health or safety of an ordinary person, except: electrical, drainage or septic system for buildings."

In the lease, Nguyen disclaimed any representation or warranty that "the [property] conform[ed] to applicable restrictions, zoning ordinances, setback lines, parking requirements, impervious ground cover ratio requirements, and other matters that may relate to [Gramen Farm's] intended use." Instead, the lease required Gramen Farm to "satisfy itself that the [property] may be used as [it] intends by independently investigating all matters related to the use of the [property]." Gramen Farm accepted the property "in its present (as–is) condition unless expressly noted otherwise in [the] lease." Nguyen argues that the Wilsons accepted the condition of the septic system "as is" and thus she cannot be liable for breach of the lease.

By agreeing to lease property "as is," a lessee agrees to make his own appraisal of the bargain and accepts the risk that he may misjudge its value. *Gym–N–I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 914 (Tex. 2007) (citing *Jefferson Assocs.*, 896 S.W.2d at 161). In such circumstances, the lessor gives no assurances, express or implied, concerning the value or condition of the premises. *Id.* An "as is" agreement thus precludes the lessee from proving that the lessor's

conduct caused harm. *Id.* A lessee, however, is not bound by an "as is" agreement that he is induced to make because of a fraudulent representation or concealment of information by the lessor. *See Jefferson Assocs.*, 896 S.W.2d at 162. A lessee is also not bound by an "as is" agreement if he is entitled to inspect the leased property's condition but is impaired by the lessor's conduct. *See id.*

The Wilsons are bound by the "as is" clause because the jury rejected their fraud claim, and the Wilsons do not appeal that finding. Evidence adduced at trial supports the jury's finding. Wilson testified that, before the agreement, he and his wife visited the farm at least twenty–four times. Wilson also testified that, before the lease agreement, he observed the farm's operations for at least five full workdays. No evidence suggests that Nguyen impaired Wilson's inspection of the property. Wilson testified that he had the ability to make changes to the lease agreement and that his lawyer reviewed the agreement before its execution. Nguyen disclosed in the lease agreement that the store's septic system was defective. Nguyen testified that Wilson had agreed to repair it.

Despite the "as is" nature of the lease agreement, the Wilsons contend that the following clause was breached and demonstrates Nguyen's liability for the store's septic system: "Each party must promptly repair a condition in need of repair that is caused, either intentionally or negligently, by that party or that party's guests, patrons, invitees, contractors or permitted subtenants." As read in light of

the other provisions in the agreement, the repair clause does not apply to conditions that pre–existed the lease; rather, it applies to conditions created during the leasehold period. *See Seagull Energy*, 207 S.W.3d at 345; *Dorsett*, 164 S.W.3d at 662. The Wilsons did not contend at trial that post–lease negligence by Nguyen caused the septic problem. It was instead a disclosed issue that pre–existed the lease. The Wilsons' other allegations against Nguyen relate to their trespass claim that the jury rejected; they adduced no other evidence to support a claim for breach.

Because the plain language of the "as is" lease agreement precludes Gramen Farm from recovering the cost of a new septic system, we hold that legally insufficient evidence supports the jury's finding that Nguyen owed Gramen Farm $14,000 as a reasonable cost to replace it. *See Snider*, 220 S.W.3d at 914; *Dorsett*, 164 S.W.3d at 662.[1]

## Conclusion

We hold that sufficient evidence supports the trial court's finding that Wilson is personally liable on the unpaid balance of the note. We also hold that legally insufficient evidence supports the jury's finding that Nguyen and Vu owed Gramen Farm $14,000 as a reasonable cost to replace the store's septic system.

---

[1] Because Nguyen and Vu did not breach the lease agreement, we need not address the Wilsons' challenge to the trial court's exclusion of testimony on the leasehold's diminished value. *See* TEX. R. APP. P. 47.1.

12

We therefore modify the judgment to delete the trial court's credit of damages and attorney's fees to Gramen Farm and Wilson, and affirm as modified.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.