In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00552-CV
_____

IN RE COMMITMENT OF RICHARD ALLEN WOMACK

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-04-03775 CV
_____

**MEMORANDUM OPINION**

Richard Allen Womack challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (the SVP statute). In three issues, Womack contends that during jury selection the trial court made incurable comments to the venire, that during the trial the court erred in admitting unfairly prejudicial testimony regarding a criminal charge that did not result in a conviction, and that the evidence is factually insufficient to support the verdict. We conclude Womack's issues are without merit, and we affirm the trial court's judgment.

1

## Comments to Venire

Before jury selection commenced, the State informed the trial court that Dr. Sheri Gaines, a psychiatrist, would testify for the State. Womack informed the trial court that his witnesses included Jane Green, a treatment provider. Addressing the venire, the trial court provided a lengthy explanation of the sexually violent predator commitment statute and the commitment process. In opening comments to the venire, the trial court explained that the SVP statute defined some terms, which the judge would instruct the jury on, and left other terms undefined, regarding which the jury would use the commonly used definition of the term. The trial court explained, as follows:

> [THE COURT:] So a behavioral abnormality means a congenital or an acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense to the extent that the person becomes a menace to the health and safety of another person. And that's a lot of lingo that the Legislature gave us, but that's what the term behavioral abnormality means.
>
> And you could expect from what the statute says that you'd have a psychologist or a psychiatrist come in here and tell you whether or not Mr. Womack suffers from that. Everybody understand that?
>
> VENIRE PANEL: Yes.

The trial court's explanation of the proceedings continued with a description of the questions to be considered by the jury, including the following:

2

THE COURT: You can't say that Mr. Womack is a sexually violent predator just because he's a repeat sexually violent offender. Everybody got that?

VENIRE PANEL: Yes.

THE COURT: You cannot say that Mr. Womack is a sexually violent predator just because he suffers from a behavioral abnormality, not that we know what the heck that means because we haven't heard from a psychiatrist or psychologist yet. Also, we don't know that he has the underlying convictions because we haven't heard any what?

VENIRE PANEL: Evidence.

THE COURT: So I'm going to instruct you that before you can find that he's a sexually violent predator you're going to have to find both one and two here. Everybody got that?

VENIRE PANEL: Yes.

THE COURT: Can't find just one and say he is. Can't find just two and say he is. You have to find both. That's the Judge's instructions.

The trial court asked each member of the venire whether he or she could follow those instructions. The judge reminded them that "jurors judge the credibility of witnesses. That's what jurors do."

Womack complains the trial court committed incurable error by stating that "you could expect from what the statute says that you'd have a psychologist or a psychiatrist come in here and tell you whether or not Mr. Womack suffers from [a behavioral abnormality]" and "we [don't] know what the heck [behavioral

3

abnormality] means because we haven't heard from a psychiatrist or psychologist yet." Womack did not make a contemporaneous objection to either comment. Generally, a timely request, objection, or motion is a prerequisite to a complaint on appeal. *See* Tex. R. App. P. 33.1(a). "[O]bjection to a trial court's alleged improper conduct or comment must be made when it occurs if a party is to preserve error for appellate review, unless the conduct or comment cannot be rendered harmless by proper instruction." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In his brief for the appeal, Womack contends no objection was required because the judge's comments were so improper that a proper instruction could not have rendered the comment harmless. According to Womack, because the trial court knew the only psychiatrist or psychologist who would be testifying would be the State's witness, by making these comments the judge vouched for Dr. Gaines's expertise and the accuracy of her testimony, informed the jury that Dr. Gaines would supply the answer to the jury's question, and essentially told the jury that it should find Womack to be a sexually violent predator.

We disagree with Womack's characterization of the judge's comments as "a blatant expression of the trial court's belief that the State's expert would accurately inform the jury both what a 'behavioral abnormality' is and whether Mr. Womack suffered from one." Viewing the judge's comments to the venire as a whole, the point the judge was making was that the jurors could not conclude that Womack

4

was a sexually violent predator merely by determining that he had prior sexual offense convictions or by determining only that he had a behavioral abnormality. The judge explained that the jury that heard the case must "require the State to prove both, that [Womack] has the repeat offenses and that he has a behavioral abnormality[,]" and that the decision would be based upon evidence that the venire had not yet heard. The trial court also explained that to serve on the jury an individual must be able to listen to a person's testimony before judging that person's credibility. After carefully examining the judge's allegedly improper comments in the context of the entire record, we conclude there is no evidence of incurable judicial bias for which we could excuse Womack's failure to seek a corrective instruction at the time the comments were made. *See Francis*, 46 S.W.3d at 241. We overrule issue one.

Evidence of Dismissed Criminal Charge

In issue two, Womack complains the trial court abused its discretion by allowing evidence of a criminal offense that did not result in a conviction to be admitted for the limited purpose of explaining the basis for Dr. Gaines's opinion that Womack has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. In the State's case in chief, Womack admitted to having committed four sexual offenses, each of which concerned a woman he befriended before the assault, and two of which involved a victim of high-school

5

age. Womack also admitted to using an alias in the past. Over Womack's objection that the evidence was unfairly prejudicial, the trial court allowed the State to ask Womack if he recalled being arrested for a sexual assault that was later dismissed. Womack responded that he did recall being arrested. The charge concerned an alleged 1983 sexual assault and the prosecution was dismissed under the Speedy Trial Act.[1] Later, over Womack's objection that the probative value of the dismissed sexual assault charge was substantially outweighed by its undue prejudicial effect, Dr. Gaines testified that she considered this uncharged offense in her evaluation. Dr. Gaines explained that she looks for a repetitive pattern of behavior. This uncharged offense was similar to Womack's other offenses in that he befriended a young female and after obtaining her trust went to a secluded area and sexually assaulted or tried to sexually assault her. Womack was using an alias, which informed the doctor's diagnosis of antisocial personality disorder. Dr. Gaines explained that she looks at every piece of information that is supplied to her about an offender; although a conviction carries more weight in her analysis, every piece of information is important.

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re*

---

[1] *See generally Meshell v. State*, 739 S.W.2d 246, 257-58 (Tex. Crim. App. 1987) (holding Speedy Trial Act to be an unconstitutional violation of separation of powers).

*Commitment of Turner*, No. 09-13-00402-CV, 2014 WL 4460415, at *1 (Tex. App.—Beaumont Sept. 11, 2014, no pet.) (mem. op.). The underlying facts and data for an expert's opinion may be disclosed, unless the trial court determines that "the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial." Tex. R. Evid. 705(a), (d). "If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request." Tex. R. Evid. 705(d).

In other sexually violent predator commitment cases, this Court has considered challenges to evidence of uncharged offenses, and in each case we have held that the trial court acted within its discretion when it admitted evidence of uncharged conduct that the expert considered in forming an opinion concerning whether a person has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See Turner*, 2014 WL 4460415, at **1-2; *In re Commitment of Alvarado*, No. 09-13-00217-CV, 2014 WL 1285136, at *11 (Tex. App.—Beaumont Mar. 27, 2014, pet. denied) (mem. op.); *In re Commitment of King*, No. 09-13-00255-CV, 2014 WL 346109, at **2-3 (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.); *In re Commitment of Tesson*, 413 S.W.3d 514, 519-21 (Tex. App.—Beaumont 2013, pet. denied); *In re Commitment of Day*, 342 S.W.3d 193, 197-99 (Tex. App.—Beaumont 2011, pet. denied).

Womack argues the evidence at issue in his case has little probative value because it concerns a criminal charge that was ultimately dismissed and Womack did not admit to having committed the offense. Because the State has not demonstrated Womack's guilt for the offense, he argues, the sexual nature of the offense greatly outweighs the slight probative value of the evidence pursuant to Rule 403 of the Texas Rules of Evidence. *See generally* Tex. R. Evid. 403. Although the dismissed charge concerned a sexual offense, the only details admitted into evidence were that the offense was a sexual assault or an attempted sexual assault, the victim was a young woman Womack had previously befriended, Womack used an alias, and the indictment was dismissed under the Speedy Trial Act. In considering whether to admit the evidence, the trial court could consider that the facts the jury heard were probative of the basis for Dr. Gaines's opinion and conclude that Womack's behavior in that case did not result in a conviction and did not make the evidence so weak that Dr. Gaines could not reasonably have considered it in forming her opinion. *See* Tex. R. Evid. 705(c). The trial court could have reasonably concluded that this evidence would be helpful to the jury to understand how Dr. Gaines diagnosed Womack with antisocial personality disorder and formed her opinion that currently Womack has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. R. Evid. 705(a).

Citing *Kia Motors Corp. v. Ruiz*, in his reply brief, Womack argues that the limiting instruction could not make otherwise inadmissible evidence admissible. *See generally Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 879 (Tex. 2014). The issue before the Texas Supreme Court in *Ruiz* was one of waiver; that is, whether the appellant waived its complaint regarding inadmissible evidence in a document because part of the document contained admissible evidence and the appellant failed to request a limiting instruction. *Id.* The Court in *Ruiz* did not consider the effectiveness of a limiting instruction regarding evidence that is admissible for one purpose but inadmissible for another. *See id.*; *see also* Tex. R. Evid. 105(a). Because it was not error for the trial court to rule that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence, it was not error for the trial court to admit the evidence and instruct the jury regarding the limited purpose for which it was offered. *See* Tex. R. Evid. 403, 705(d). We presume the jury followed trial court's limiting instruction. *See Day*, 342 S.W.3d at 199. Womack requested the limiting instruction and did not request a different or additional instruction when the trial court gave the instruction to the jury. *See King*, 2014 WL 346109, at *2. We overrule issue two.

### Factual Sufficiency

In issue three, Womack argues the evidence is factually insufficient to support the jury's verdict. In a civil case where the burden of proof is beyond a

reasonable doubt, and where the verdict is supported by legally sufficient evidence,[2] "if in the view of the appellate court after weighing the evidence, the risk of an injustice remains too great to allow the verdict to stand, the appellate court may grant the defendant a new trial." *Day*, 342 S.W.3d at 213.

Womack contends the jury was not rationally justified in finding beyond a reasonable doubt that he is a sexually violent predator because the State failed to present any evidence indicating that he has serious difficulty controlling his behavior. In his brief for the appeal, Womack argues that we must order a new trial because Dr. Gaines failed to address volitional impairment. In his reply brief, Womack argues that Dr. Gaines considered twenty-year-old information and did not offer an opinion on the level of his ability to control is behavior.

Contrary to the argument in Womack's brief, Dr. Gaines did address Womack's ability to control his behavior. Dr. Gaines described how Womack's repetitive behavior of grooming and exploiting women prior to his incarceration continued during his incarceration, and explained that Womack's manipulative behavior is a symptom of his antisocial personality disorder that he continues to demonstrate in his present behavior. After carefully reviewing the entire record, we conclude that the record contains factually sufficient evidence for the jury to find

---

[2] We presume the evidence is legally sufficient because Womack does not challenge the legal sufficiency of the evidence in this appeal.

10

beyond a reasonable doubt that Womack is a sexually violent predator. *See id.* We

overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____

CHARLES KREGER

Justice

Submitted on October 15, 2014
Opinion Delivered February 5, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.