**Affirmed and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00365-CV

_____

**JAMES RUTHERFORD, Appellant**

**V.**

**724 INTERESTS, LTD., Appellee**

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2010-79184**

## M E M O R A N D U M   O P I N I O N

Appellant James Rutherford guaranteed payment of a note to appellee 724 Interests, Ltd. When the note was not paid, 724 Interests foreclosed on the property provided as security and sued Rutherford to collect the balance of the debt. The trial court granted a partial summary judgment, conducted a bench trial, and signed a judgment in favor of 724 Interests. Rutherford appeals, raising three issues. Rutherford first complains that the trial court erred when it found that he

waived his right to an offset based on the fair market value of the foreclosed property. *See* Tex. Prop. Code Ann. § 51.003 (West 2014). In his second and third issues, Rutherford asserts that the trial court erred when it found that he had offered no competent evidence of the fair market value of the property at issue. Because we conclude there is evidence supporting the trial court's finding that Rutherford failed to introduce any competent evidence of the fair market value of the property, we affirm the judgment without reaching the issue of waiver.

## BACKGROUND

Rutherford was president of 6300 Interests, Ltd. In 2009, 6300 Interests borrowed $220,000 from 724 Interests. 6300 Interests executed a promissory note in that amount in favor of 724 Interests. The note was secured by a Second Lien Deed of Trust on commercial real property known as Reserve "B" of Houston Northwest Medical Center. The first lien on the property was in the amount of $3.51 million. Rutherford simultaneously guaranteed the promissory note executed by 6300 Interests.

No payments were made on the note and 724 Interests sued Rutherford as guarantor in December 2010. The property was sold at a non-judicial foreclosure sale on February 1, 2011, and 724 Interests applied a $50,000 credit to the debt, leaving a deficiency of $170,000. After delays caused by an involuntary bankruptcy proceeding, 724 Interests filed a third amended motion for traditional summary judgment and motion for no-evidence summary judgment. 724 Interests argued, among other things, that Rutherford had waived his right to a fair market value offset under section 51.003(c) of the Texas Property Code.

On March 23, 2015, the trial court signed an order granting 724 Interests' motion in part. The court granted summary judgment against Rutherford on his counterclaim for fraud in a real estate transaction, a decision that Rutherford has

not challenged on appeal. It also ordered that 724 Interests recover from Rutherford "the principal sum of $170,000, with prejudgment interest at the rate of six percent (6%) per annum to be calculated after the determination of [Rutherford's] set-off, if any." Finally, the court denied the motion on 724 Interests' contention that Rutherford had waived his right to an offset pursuant to section 51.003(c) of the Texas Property Code.

The trial court then conducted a bench trial to determine the fair market value of the foreclosed property. At the beginning of the trial, the trial court indicated that it was reconsidering the denial of 724 Interests' motion for summary judgment on the waiver issue, but it still proceeded to hear testimony from real estate appraiser George McLeod regarding the fair market value of the property sold at foreclosure. McLeod was the only witness to testify during the bench trial.

McLeod testified that he appraised the property at the request of the first lienholder. According to McLeod, he appraised the property on May 6, 2010, and the purpose of his appraisal was to estimate fair market value as of that date. McLeod opined that the value of the property was $4,300,000. He acknowledged that this value was no longer correct, but the trial court did not consider the adjusted values McLeod provided to the first lienholder in June 2010 and January or February 2011 because those values had not been disclosed in discovery. McLeod testified that he did not recall factors in the economy that would negatively impact the appraisal, but he also testified that he had been asked by Rutherford's counsel to update his appraisal and declined to do so.

After the bench trial, the court signed a final judgment in favor of 724 Interests. In the judgment, the trial court "ORDERED, ADJUDGED and DECREED that the Plaintiff's Third Amended Motion for Summary Judgment Order signed on March 23, 2015, is final." The court also determined that

3

Rutherford was not entitled to an offset against the deficiency remaining after the foreclosure sale. The court then awarded 724 Interests $170,000 in damages plus prejudgment and post-judgment interest, and attorney's fees.

The trial court subsequently filed findings of fact and conclusions of law. The court found that Rutherford failed to meet his burden to prove the fair market value of the property as of the date of the foreclosure because the only evidence was an appraisal nearly nine months prior to the foreclosure. The court thus concluded that Rutherford offered no competent evidence of fair market value. The court also concluded, however, that Rutherford had waived his rights under section 51.003 because "section 2.10 of the Guaranty Agreement, taken as a whole, conveys a clear intention to waive every possible contractual or statutory right." This appeal followed.

## ANALYSIS

In his first issue on appeal, Rutherford argues that the trial court erred when it concluded that he had waived the right to an offset based on the fair market value of the foreclosed property. In his second and third issues, Rutherford contends that the trial court erred when it concluded he introduced no competent evidence of the fair market value of the foreclosed property on the date of the foreclosure.

The trial court's ruling on waiver is not entirely clear: the judgment made final the previous order denying summary judgment on waiver of offset, and the findings and conclusions include a finding that Rutherford did not prove the offset amount, yet they also include a conclusion that offset was waived.[1] We need not resolve this tension or address Rutherford's first issue, however, because it is

---

[1] For a discussion regarding waiver of the offset right under the Texas Anti-Deficiency Statute, see *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 6–8 (Tex. 2014), and *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 126–28 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

immaterial given the remainder of the trial court's decision. Even if Rutherford did not waive his offset right under section 51.003 of the Property Code, we hold the trial court correctly found that he failed to prove the fair market value of the foreclosed property on the date of the foreclosure.

In conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that supports it. *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* at 551. We must credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *Id.* The trier of fact is the sole judge of the witnesses' credibility and the weight to afford their testimony. *Id.* A party attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

The Texas Anti-Deficiency Statute provides relief for debtors under certain circumstances when real property securing the debt is sold for less than the balance due, resulting in a deficiency. *See* Tex. Prop. Code Ann. § 51.003. Section 51.003(b) allows a debtor to ask the trial court to determine the fair market value of the property "as of the date of the foreclosure sale." *Id.* If the fact-finder determines that the fair market value of the property is greater than the foreclosure sale price, the debtor may ask the court to offset the deficiency in the amount by which the fair market value (less the amount of any lien not extinguished by the foreclosure) exceeds the foreclosure sale price. *Id.*; *Moayedi v. Interstate*

5

*35/Chisam Rd.*, L.P., 438 S.W.3d 1, 5 (Tex. 2014). The fair market value must be determined by the fact-finder based on competent evidence presented by the parties. Tex. Prop. Code Ann. § 51.003(b). Because an offset operates as an affirmative defense to a deficiency claim, Rutherford had the burden of proving a fair market value exceeding the foreclosure sales price. *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 557 (Tex. 2015).

Rutherford argues on appeal that McLeod's testimony conclusively established that the market value of the foreclosed property was $4,300,000, an amount large enough to wipe out the entire deficiency even after accounting for the first lien. But McLeod's appraisal was an estimate of fair market value as of the May 6, 2010 date of his report—almost nine months before the foreclosure date. In fact, at the time he testified at trial, McLeod was unaware of the foreclosure. McLeod's testimony summarized above supports the trial court's finding that McLeod "testified that his appraisal value was not correct when taking into consideration relevant information which he did not have at the time of his appraisal." Absent evidence regarding the similarity or dissimilarity of market conditions between the dates of appraisal and foreclosure, the appraisal is not relevant. *Moore v. Bank Midwest, N.A.*, 39 S.W.3d 395, 402 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).[2] Because the record evidence does not conclusively establish that the market value of the property on the date of foreclosure less the amount of the first lien exceeded the foreclosure sale price, we overrule Rutherford's second and third issues on appeal.

---

[2] Although the supreme court pointed out in *PlainsCapital Bank* that the Anti-Deficiency Statute expressly allows the fact finder to consider a future sales price in determining fair market value as of the date of foreclosure, 459 S.W.3d at 556, the appraisal here predated the foreclosure.

## CONCLUSION

Having overruled all of Rutherford's issues necessary to resolve this appeal, we affirm the trial court's final judgment.

/s/    J. Brett Busby
           Justice

Panel consists of Justices Christopher, McCally, and Busby.