**AFFIRMED and Opinion Filed November 13, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00841-CV**

**MICHAEL R. WHITE, Appellant**

**V.**

**CONSTRUCTION AND TRADE TOOLS, INC.**
**D/B/A THE J D RUSSELL COMPANY, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-05098-2021**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

Following a bench trial, Michael R. White appeals a take-nothing judgment in his suit against his former employer for wrongful termination in retaliation for filing a worker's compensation claim. White contends the evidence is legally and factually insufficient to support the trial court's determination that he was not fired in retaliation for filing a workers' compensation claim. We affirm.

### Background

Construction and Trade Tools Inc. d/b/a the JD Russell Company manufactures steel landscaping and construction products. White began working for

JD Russell in July 2012 as a forklift mechanic at a plant in Farmersville, Texas. On February 4, 2019, White was injured on the job, suffering a tear in his right shoulder that required surgery. He initiated a workers' compensation proceeding. White's doctor released him back to light-duty work on August 8, 2019. JD Russell offered White a light-duty position as a janitor/custodian beginning August 19, 2019. White accepted the offer. His wages remained the same as before.

On August 28, 2019, acting Plant Manager Rudy Barrera gave White a verbal warning for failing to wear his hard hat as required by JD Russell's safety policy. The next day, White again failed to wear his hard hat and was given a written warning. He was cautioned that a third violation could result in disciplinary action or termination. On August 30, 2019, JD Russell's Corporate Operations Manager, Timothy Helzer, observed White working without a hard hat. Helzer instructed Barrera to terminate White's employment.

In his original petition, White alleged JD Russell discharged him in violation of § 451.001 of the Texas Labor Code for filing a workers' compensation claim in good faith. After a one-day bench trial on May 15, 2023, the trial court rendered a take-nothing judgment. The trial judge issued findings of fact and conclusions of law. Among other things, the judge found that White's failure to follow safety policies was the sole reason JD Russell terminated his employment and there was no credible evidence White was fired for any reason related to his workers'

–2–

compensation claim. White filed a motion for new trial, which was overruled by operation of law.

In this appeal, White argues the trial court erred in concluding there was no evidence of workers' compensation discrimination. He challenges the legal and factual sufficiency of the evidence to support many of the trial court's findings.[1]

## Applicable Law

The Texas Labor Code states that "[a] person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith." TEX. LAB. CODE ANN. § 451.001(1). An employer who violates this statute is subject to a retaliation claim, which constitutes an exception to the traditional doctrine of employment at will in Texas. *Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 312 (Tex. 2015). To prove a retaliatory firing, an employee must show that the employer's prohibited action "would not have occurred when it did" absent the employee's protected conduct. *Id.* A retaliation plaintiff generally may rely on circumstantial causation evidence, such as an employer's expression of a negative attitude toward the employee's injury, an employer's discriminatory treatment of the employee compared with similarly

---

[1] White argues the evidence conclusively establishes that he was fired in retaliation for filing a workers' compensation claim. But his brief includes the factual sufficiency standard of review, so we construe his brief to challenge both legal and factual sufficiency.

–3–

situated employees, an employer's failure to adhere to established company policy, and evidence that the employer's stated reason for termination was false. *Id.*

When reviewing a case tried to the bench where findings of fact and conclusions of law have been entered, findings of fact have the same force and effect as jury findings. *Buckeye Retirement Co. v. Bank of Am., N.A.*, 239 S.W.3d 394, 399 (Tex. App.—Dallas 2007, no pet.). When appealing the legal sufficiency of the evidence supporting an adverse finding on which an appellant had the burden of proof, he must show the evidence establishes, as a matter of law, all vital facts in support of the issue. *Id.* (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)). We first examine the record for evidence supporting the finding, then we will examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* When an appellant attacks the factual sufficiency of an adverse finding, he must demonstrate it is against the great weight and preponderance of the evidence. *Id.* We must consider and weigh all of the evidence and set aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* In a bench trial, the trial court, as factfinder, judges the credibility of the witnesses, assigns the weight to be given their testimony, and resolves any conflicts or inconsistencies in the evidence. *Id.*

**Analysis**

JD Russell's *Policy Manual*, which White acknowledged receipt of when he was hired in 2012, provided that employees must observe the safety rules contained in the company's *General Safety Practices* manual. The *General Safety Practices* manual required employees to wear personal protective equipment as instructed and as needed by the job. The safety manual required employees to wear hard hats "when working in any area where overhead hazards may be present, or as otherwise required."

Helzer testified that in 2019 JD Russell's Farmersville plant was having safety issues. There had been many accidents in recent years. Since 2018, 19 workers at the plant had filed workers' compensation claims. Helzer visited the plant in August of 2019 to address managerial and safety problems.

In the summer of 2019, before White returned to work, Helzer began to strictly enforce the hard hat policy. According to Helzer, any employee who was on duty was required to wear a hard hat at all times. Helzer acknowledged the hard hat policy changed during White's absence from work.

When White was cleared to return to work in a light-duty position, JD Russell created the janitorial job, a position that had not existed before, for him. White returned to work on August 19, then was out until August 26 on vacation. On August 28, Barrera gave White a verbal warning for his failure to wear a hard hat. Then after White failed to wear his hard hat on August 29, Barrera gave him a written

warning. Barrera noted on the warning form, which White signed, that White needed to be more observant and diligent in following safety protocols as directed. Barrera further noted that White must wear his safety helmet "at all times while working." White was instructed that a third violation could result in disciplinary action and/or termination.

Helzer was at JD Russell's corporate office in Arizona on August 30. He has a large screen in his office with live stream of surveillance cameras from the Farmersville plant. He was watching the live stream when he saw White walking around without his hard hat in the main manufacturing area. In that building, there are many overhead hazards, including cranes and items being moved by forklifts. Helzer knew White had just been warned verbally and in writing about his failure to wear a hard hat, and he made the decision to fire him. Helzer testified White was not terminated because he filed a workers' compensation claim. He was terminated for not adhering to safety policies.

As he did at trial, White maintains the stated reason for his termination was a pretext. He makes many arguments attacking the trial court's findings. For example, he argues the new hard hat policy was not communicated to him when he returned to work. The only paperwork he signed then was his offer to work a light-duty job. The job description in the offer letter did not include the information about wearing a hard hat at all times. In addition, White relies on two electronic forms completed by JD Russell's human resources personnel that document his termination. These

documents indicate they were completed before 9:00 a.m. on August 30. Because White was fired later in the morning, he contends the paperwork proves the decision to fire him was already made before his third violation. He also contends that because his new job description excluded "overhead reaching," he was not able to put on his hard hat. White further argues that on the day of his verbal warning, he was not in an area where a hard hat was required.

In challenging the sufficiency of the evidence, White contends the doctrine of spoliation applies. JD Russell did not keep the video that showed White without his hard hat. The company's server retains video for only thirty days. White asserts the trial court should have applied a presumption that the video was harmful to JD Russell's case.

The doctrine of spoliation refers to the improper destruction of evidence relevant to a case. *Buckeye Retirement*, 239 S.W.3d at 401. The intentional destruction or spoliation of evidence relevant to a case may, in the trial court's discretion, give rise to a presumption that the destroyed evidence would not have been favorable to its destroyer. *Id.* The presumption may be rebutted by a showing that the evidence was not destroyed with a fraudulent purpose or intent. *Id.*

White did not timely present his spoliation argument to the trial court. The record reflects White first mentioned spoliation in his motion for new trial. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or

motion and that the trial court ruled on the request, objection, or motion or refused to rule. TEX. R. APP. P. 33.1(a). Because he waited until trial was over to request a spoliation presumption, to the extent White argues on appeal that the trial court erred in not applying the presumption, he has not preserved such a complaint for our review. Further, we presume the trial court knew and correctly applied the law regarding spoliation and determined that if the presumption applied, it was overcome by the evidence, which included statements from JD Russell employees other than Helzer who also saw White without his hard hat on August 30. *See Buckeye Retirement*, 239 S.W.3d at 402.

White cannot demonstrate that as a matter of law he was fired in retaliation for his workers' compensation claim. As factfinder, the trial judge was entitled to credit the evidence showing White was fired for failing to follow company safety rules. Company policy required a hard hat when working where overhead hazards may be present, or "as otherwise required." In the summer of 2019, JD Russell began requiring hard hats at all times when on-duty. It is undisputed that White failed to wear his hard hat three days in a row and was warned after the second violation that another violation could result in termination.

Further, the trial judge's findings are not against the great weight and preponderance of the evidence. All of the challenges White makes to the fact findings—from whether he was sufficiently notified of the hard hat policy, to the discrepancies in the time JD Russell documented his termination, to the ultimate

reason for his termination—were issues for the factfinder to determine.  At the time White returned to work, JD Russell management was taking steps to address safety concerns at the plant.  The record shows that, at the very latest, White was informed on August 29 in his written warning that he needed to wear a hard hat at all times. He was seen the next day in the main manufacturing area without one.  He himself acknowledged that he knew before August 30 that he was supposed to wear a hard hat at work and that he did not wear a hard hat on August 30.  The evidence is legally and factually sufficient to support the trial court's findings.

We affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230841F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL R. WHITE, Appellant

No. 05-23-00841-CV     V.

CONSTRUCTION AND TRADE TOOLS, INC. D/B/A THE J D RUSSELL COMPANY, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-05098-2021.

Opinion delivered by Justice Reichek. Justices Nowell and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CONSTRUCTION AND TRADE TOOLS, INC. D/B/A THE J D RUSSELL COMPANY recover its costs of this appeal from appellant MICHAEL R. WHITE.

Judgment entered this 13th day of November, 2024.