# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-23-00356-CV

---

The State of Texas,
Appellant

v.

2007 Lincoln Navigator TX LP No. AJ0303, Robert Earl Scott, Beverly
Scott, and Robert Carl Scott,
Appellees

---

On appeal from the
361st District Court of Brazos County, Texas
Judge David G. Hilburn, presiding
Trial Court Cause No. 17-002507-CV-361

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

The State of Texas appeals a final judgment denying the State's request for forfeiture of a 2007 Lincoln Navigator ("Navigator"), declaring Robert Earl Scott and Beverly Scott ("Parents") of Robert Carl Scott ("R.C. Scott") were innocent owners, and ordering the vehicle be returned to the Parents. The State argued that it proved by a preponderance of the evidence that the Navigator was subject to forfeiture under Chapter 59 of the Code of

Criminal Procedure, that R.C. Scott was an equitable owner of the Navigator, and that the Parents of R.C. Scott were not innocent owners under 59.02(c) and 59.02(h)(1) of the Texas Code of Criminal Procedure. We agree that the Navigator was subject to forfeiture and that R.C. Scott was an equitable owner of the same. Accordingly, we reverse the trial court's Order and render judgment granting forfeiture.

## Background

On or about September 1, 2017, R.C. Scott was driving the Navigator when he was arrested and charged with Evading in a Vehicle as well as Driving While Intoxicated 3rd or More. Police alleged R.C. Scott drove without headlights, drove on the wrong side of the road, showed signs of intoxication, refused to get out of the Navigator, almost hit an officer while driving off from the traffic stop, and violated traffic laws during the police's pursuit of R.C. Scott in the Navigator. R.C. Scott was later indicted on these charges and pled guilty to both charges on April 25, 2019.

The Parents hold the title to the Navigator. R.C. Scott was listed as an insured driver on the insurance policy for the Navigator since the time the vehicle was purchased. R.C. Scott's parole-mandated interlock device was installed on the Navigator. The mother of R.C. Scott testified that R.C. Scott had to start the Navigator for the Parents because the Parents could not

operate the interlock device. There was no evidence that any other vehicle owned or operated by R.C. Scott had a parole-mandated interlock device installed. R.C. Scott's mother alleges that R.C. Scott's primary vehicle was a Chevrolet Impala, which she was driving on the date of R.C. Scott's September 2017 arrest. In responses to interrogatories, the Parents identified R.C. Scott's father as the owner of the Impala. There is no evidence that there was an interlock device installed on the Impala or that the Parents needed R.C. Scott to start the Impala. R.C. Scott's mother testified that R.C. Scott drove the Navigator multiple times in a month and that R.C. Scott otherwise walked or was picked up by friends or the Parents.

On the date of the September 2017 arrest, R.C. Scott's mother knew R.C. Scott was driving the Navigator around recreationally. Both Parents were aware of their son's prior criminal behavior involving vehicles.

Prior to his arrest on September 1, 2017, R.C. Scott had been arrested and convicted numerous times for vehicle-related charges including Driving While Intoxicated, Obstruction of a Highway, and Evading Arrest or Detention with a Vehicle. In January 2010, while operating the same Navigator at issue here, R.C. Scott was arrested for Driving While Intoxicated and Failure to Stop and Give Information after a hit-and-run collision. The accident report for the 2010 collision lists R.C. Scott as the

owner of the Navigator. In at least three other vehicle-related arrests, R.C. Scott was operating the Impala. Testimony supports that the Parents were aware of R.C. Scott's substance abuse issues and knew he had a history of Driving While Intoxicated.

Following the September 2017 arrest, the State of Texas filed its Notice of Seizure and Intended Forfeiture. The Parents and R.C. Scott answered, generally denying the allegations contained therein and asserting the affirmative defense of innocent owner pursuant to Article 59.02(c) of the Texas Code of Criminal Procedure. Following a bench trial, the trial court entered a judgment in favor of the Parents. This appeal followed.

## The Navigator is Subject to Forfeiture

Because a forfeiture proceeding under Chapter 59 is a civil in rem proceeding subject to the rules applicable to civil trials and appeals generally, the appropriate standard of review depends on which party had the burden of proof on the issue at trial. *One Ford Mustang v. State*, 231 S.W.3d 445, 448–49 (Tex. App.—Waco 2007, no pet.). For the State to prevail in a forfeiture proceeding under Chapter 59, it is required to prove, by a preponderance of the evidence, that the property is subject to forfeiture to the State. *See* TEX. CODE CRIM. PROC. art. 59.05(b*); see also $43,774.00 in U.S. Currency v. State*, 266 S.W.3d 178, 182 (Tex. App.—Texarkana 2008, pet. denied). In an appeal

of a finding in which an appellant has the burden of proof, the appellant "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

To prevail in a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is "contraband" and thus subject to forfeiture. TEX. CODE CRIM. PROC. art. 59.05(b). "Contraband" is defined as "property of any nature ... used in the commission of ... any offense under Chapter 49, Penal Code, that is punishable as a felony of the third degree or state jail felony, if the defendant has been previously convicted three times of an offense under that chapter." TEX. CODE CRIM. PROC. art. 59.01(2)(A)(v). *State v. One 2015 Jeep VIN 1C4NJCBA1FD436982*, No. 04-19-00779-CV, 2020 WL 7365453, at *3 (Tex. App.—San Antonio Dec. 16, 2020, no pet.). An offense under section 49.04 of the Penal Code is a third-degree felony if the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. TEX. CODE CRIM. PROC. art. 49.09(b)(2).

In the present case, the vehicle was "contraband" because the evidence showed that R.C. Scott used the vehicle to commit a third-degree felony (Driving While Intoxicated), and he had three previous Driving While

Intoxicated convictions. *See* TEX. CODE CRIM. PROC. art. 59.01(2)(A)(v). R.C. Scott pled guilty to Driving While Intoxicated for each of his arrests on October 21, 2009, January 24, 2010, and December 28, 2012. There is no dispute that on September 1, 2017, the Navigator was used in the commission of Evading Arrest or Detention with a Vehicle and Driving While Intoxicated Third or More. R.C. Scott pled guilty to those charges. The State established, as a matter of law, that the Navigator was contraband subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure.

### R.C. Scott was an Equitable Owner of the Navigator

Having concluded that the Navigator was subject to forfeiture, we turn to the State's challenge of the Parents' innocent-owner defense. The innocent-owner defense prevents forfeiture if the claimant demonstrates, by a preponderance of the evidence, that he acquired and perfected the interest prior to or during the act giving rise to the forfeiture, and did not know or should not reasonably have known of the act giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest. *One (1) 2002 Jeep, Vin #£1J4GK48K52W123230 v. State*, No. 13-09-667-CV, 2010 WL 2697142, at *2 (Tex. App.—Corpus Christi–Edinburg July 8, 2010, no pet.).

Texas asset forfeiture law defines an "owner" as "a person who claims an equitable or legal ownership interest in property." TEX. CODE CRIM. PROC. art. 59.01(6). There may be more than one owner, and the innocent-owner defense cannot apply unless all the owners are innocent owners. *2004 Volkswagen Jetta v. State*, 285 S.W.3d 507, 511 (Tex. App.—Dallas 2009, no pet.). If one of the owners knows of the act giving rise to the forfeiture, then it is irrelevant if the other owners knew or reasonably should have known. *Id*. Texas courts have noted that allowing the innocent-owner defense in instances when not all owners are innocent owners would create a loophole undercutting the purpose of the forfeiture statute. *Arnold v. State*, 793 S.W.2d 305, 308 (Tex. App.—Austin 1990, no writ).

A party not on the title to a vehicle may still be an equitable owner of the vehicle based on other factors. *One Ford Mustang v. State*, 231 S.W.3d 445, 451 (Tex. App.—Waco 2007, no pet.) ("The name on the certificate of title is not conclusive of ownership"). While a registered owner is certainly an owner of a vehicle for forfeiture purposes, other parties may have acquired an equitable interest in a vehicle through other means. *Id*. Being the primary driver of the vehicle can establish equitable ownership. *2004 Volkswagen Jetta*, 285 S.W.3d at 511. In *2002 Jeep*, the court found that an equitable ownership was established because the person was listed on the insurance,

allowed to drive the vehicle regularly, kept hair ties in the vehicle, and was the primary user of the vehicle. *One (1) 2002 Jeep, Vin #£1J4GK48K52W123230 v. State*, No. 13-09-667-CV, 2010 WL 2697142, at *2 (Tex. App.—Corpus Christi–Edinburg July 8, 2010, no pet.). In that case, the court found the driver to be an equitable owner despite testimony that the driver did not live with the titled owner and that the driver rarely drove the vehicle. *Id*.

Here, R.C. Scott regularly drove the Navigator. He drove the Navigator, not the Impala or another vehicle, to parole appointments, to the interlock office, and to take his mother to the doctor. In an accident report from a previous collision that involved R.C. Scott driving the Navigator, R.C. Scott was listed as the owner. R.C. Scott was listed as an insured driver of the Navigator from the time of the initial purchase of the vehicle. R.C. Scott remained on the insurance policy for the Navigator even after living separately from his Parents and after several vehicle-related arrests. R.C. Scott's parole-mandated interlock device was installed only on the Navigator. Seemingly, the Navigator was the only vehicle that R.C. Scott could legally drive. The Parents could not operate or start the Navigator without R.C. Scott's presence due to the interlock device. We are persuaded that R.C. Scott had an interest in the Navigator.

The above facts conclusively established that R.C. Scott was an equitable owner of the Navigator. As such, the Parents cannot meet their burden to prove that every owner of the Navigator qualifies for the innocent-owner defense. Whether or not the Parents were innocent owners is not relevant. The affirmative defense fails.

## Conclusion

The State established that the Navigator was subject to forfeiture under Chapter 59 of the Code of Criminal Procedure and that R.C. Scott was an equitable owner of the Navigator. R.C. Scott was not an innocent owner under 59.02(c) or 59.02(h)(1) of the Texas Code of Criminal Procedure.

We reverse the trial court's Order and render judgment granting forfeiture.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: April 16, 2025

Before Chief Justice Johnson,
    Justice Harris, and
    Senior Justice Davis[1]
Reversed and rendered
CV06



---

[1] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.